# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 2000-CP-01434-COA

**VICTOR WILDER**                                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                              **APPELLEE**

| | |
|---|---|
| DATE OF TRIAL COURT JUDGMENT: | 07/14/2000 |
| TRIAL JUDGE: | HON. C. E. MORGAN III |
| COURT FROM WHICH APPEALED: | WEBSTER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - FELONY |
| TRIAL COURT DISPOSITION: | SENTENCED TO THIRTY YEARS WITHOUT PAROLE FOR ARMED ROBBERY AND TWENTY YEARS FOR AGGRAVATED ASSAULT, TO BE SERVED CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED - 09/04/2001 |
| MOTION FOR REHEARING FILED: | |
| CERTIORARI FILED: | |
| MANDATE ISSUED: | 9/25/2001 |

BEFORE SOUTHWICK, P.J., LEE, AND MYERS, JJ.

LEE, J., FOR THE COURT:

¶1. Pursuant to a jury trial, the appellant and defendant below, Victor Wilder, was found guilty of armed robbery and aggravated assault. He was sentenced to life imprisonment without parole for armed robbery and to twenty years for aggravated assault, to run concurrently with the sentence for armed robbery. Wilder was sixteen years of age at the time of trial and had a ninth grade education. In this *pro se* appeal, he asserts that the Circuit Court of Webster County erred in denying his motion for post-conviction relief under the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. §§ 99-39-1 to 99-39-29 (1994 and Rev. 2000). We find no reversible error and affirm.

## PROCEDURAL FACTS

¶2. On the day that Wilder was tried for the crimes of armed robbery and aggravated assault, he withdrew the petition to plead guilty which he had filed. The withdrawal was made when Wilder's retained counsel

appeared in court in the midst of the guilty plea and took over representation of Wilder from court appointed counsel. Though the court advised Wilder that it would be in his best interest if appointed counsel represented him rather than his retained counsel, Wilder elected to have his retained counsel represent him instead.

¶3. On appeal Wilder chose to be represented by yet another appointed counsel. Unbeknownst to the court, however, his previously retained counsel had already filed a motion for a new trial. Because Wilder's retained counsel did not appear at the hearing on the motion for a new trial, the court gave Wilder's newly appointed counsel, Keith Ball, an extension of time to file an amended motion for a new trial. At the hearing on this motion the State recommended to the court, based on Wilder's waiver of any appeals, to set aside the life sentence without parole imposed for the robbery charge in exchange for thirty years without parole, to run concurrently with the twenty years' sentence for aggravated assault. The State's recommendation was identical to the one it had made for a plea of guilty before the trial. The court accepted the agreement only after counsel for Wilder stated at the hearing that he had discussed this recommendation at length with Wilder and, because of Wilder's age, had discussed the matter with six family members and friends. In addition, Wilder himself testified that he had discussed the recommendation with his attorney and his family.

¶4. Wilder, acting *pro se*, then filed a motion to "withdraw his guilty plea." The court responded that Wilder had not entered a guilty plea and treated this motion as one for post-conviction relief because Wilder had raised certain issues in the motion that the court wanted to address. These issues included a claim for ineffective assistance of counsel. Following an evidentiary hearing where Wilder testified, the court denied relief and stated that Wilder, by entering into the agreement with the State based on his waiver of appeals which set aside his life sentence in exchange for a thirty year sentence without parole, had waived the issue of ineffective assistance of counsel as it related to both his appointed and retained counsel for trial. As to Wilder's claim for the ineffective assistance of Ball, who had represented Wilder at the hearing on the amended motion for a new trial, the court stated that the testimony at the hearing did not support Wilder's claim and that the issue had no merit. Wilder now appeals *pro se* the denial of post-conviction relief.

## ISSUES AND DISCUSSION

¶5. Wilder asserts that his petition for post-conviction relief should be granted because his attorney coerced him into waiving his right to appeal. Wilder states in his brief regarding the waiver, "Attorney told Wilder that if he sign the waiver a new trial would be given to him plus he would receive thirty years for the two convictions." He cites *Fair v. State,* 571 So. 2d 965 (Miss. 1990), as authority; however, we find that case inapplicable as it pertains to a defendant's right to an out-of-time appeal after having signed a voluntary sworn waiver of right to appeal.

¶6. The two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 687, (1984), is our standard of review for resolving whether counsel was effective. In *Mohr v. State*, 584 So. 2d 426, 430 (Miss. 1991), the Mississippi Supreme Court explained the application of the *Strickland* two-part test, which requires that the movant show: (1) counsel's performance was deficient and that the deficient performance prejudiced the defense, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. In other words, this Court must determine whether counsel's performance was both deficient and prejudicial. *Carney v. State*, 525 So. 2d 776, 780 (Miss. 1988). As a legal construct, it is presumed "that trial counsel's conduct is within the wide range of reasonable conduct and that decisions made by counsel are strategic." *Edwards v. State*,

615 So.2d 590, 596 (Miss. 1993). The *Strickland* standard for proving ineffective assistance of counsel makes the charge appropriately difficult to establish. *Knox v. State*, 502 So. 2d 672, 676 (Miss. 1987). Scrutiny of counsel's performance by this Court must be deferential. *Ahmad a/k/a Coleman v. State*, 603 So. 2d 843, 848 (Miss. 1992).

¶7. Simply put, there is nothing in the record to support Wilder's allegations that Ball's performance was deficient or prejudicial. Ball and Wilder both testified at the hearing on the motion for post-conviction relief where the court made specific findings in its ruling denying relief. It stated that Ball was appointed as counsel for Wilder so that the court would have the opportunity to rule on the effective assistance of Wilder's retained and appointed trial counsel at the hearing on the motion for a new trial. In its ruling denying post-conviction relief, the court noted the extensive discussions that had taken place between Ball, Wilder and Wilder's family regarding Wilder's best interest at the hearing on the motion for a new trial where the agreement was made regarding the waiver of appeal. The court noted that the sentence Wilder ultimately received was the same as that offered by the State had he pled guilty. The sentence was also the same sentence that Wilder's co-indictee received. Wilder did not meet his burden to show deficiency or prejudice with regard to Ball's performance as required by *Strickland.*

¶8. Wilder also asserts as error that his conviction was against the overwhelming weight of the evidence and that certain statements he made at the trial should have been suppressed because they were made under threats or coercion before he was given his *Miranda* rights. These issues were not raised in the petition for post-conviction relief nor at the evidentiary hearing and are therefore procedurally barred as never having been presented to the trial court. *Gazzier v. State*, 744 So. 2d 776, 778 (Miss. 1999). Furthermore, because they were not raised prior to this appeal, there is no record of the trial upon which this Court can review the evidence presented. A reviewing court may not consider matters which do not appear in the record. *Shelton v. Kindred*, 279 So. 2d 642, 644 (Miss. 1973).

¶9. We find that the record supports the denial of post-conviction relief and that the following statement made by the trial court in its ruling denying relief accurately portrays Wilder's quandary:

> As a matter of fact, the Court finds that he was, in fact, effective and provided great assistance to Mr. Wilder in this case. What we have is that Mr. Wilder obviously did not want the life sentence, which is understandable, and he obviously didn't want the thirty year sentence which is understandable, but he was willing to take the thirty years at that time. And now that he is in the penitentiary he is dissatisfied with the thirty years and dissatisfied with the deal that he cut. But that is not sufficient reason to overthrow what has been done in this case, and the motion for post conviction relief is overruled. . . .

¶10. **THE JUDGMENT OF THE CIRCUIT COURT OF WEBSTER COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WEBSTER COUNTY.**

**McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS AND CHANDLER, JJ., CONCUR.**