986 So.2d 959 (2007)
Fredrick MOORE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-02063-COA.
Court of Appeals of Mississippi.
April 17, 2007.
Rehearing Denied November 6, 2007.
*961 Fredrick Moore, appellant, pro se.
Office of the Attorney General by Deshun T. Martin, attorney for appellee.
Before KING, C.J., IRVING and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Fredrick Moore pled guilty to possession of a firearm by a convicted felon. He was sentenced to serve two years in the custody of the Mississippi Department of Corrections, with one year and 364 days suspended, and one year of post-release supervision. Moore filed a petition for post-conviction relief, which was dismissed. On appeal, Moore argues that: (1) his attorney was ineffective, (2) there was no factual basis to support the plea, (3) there was no evidentiary hearing, (4) the court erred in taking away earned time, and (5) cumulative errors denied him a fair trial. We reverse and remand for an evidentiary hearing consistent with this opinion.

FACTS
¶ 2. On June 4, 2004, Moore was driving a vehicle in Meridian, and was pulled over by a police officer for a broken taillight. The officer witnessed Moore bending down toward the driver's seat several times. Underneath the seat, the officer found a burnt marijuana cigarette, which was still hot, and a handgun attached to a spring mechanism. At the time, Moore was on probation for a previous conviction for sale of cocaine. His probation was revoked, and he was sentenced to serve fifteen years in prison.
¶ 3. Also, Moore pled guilty to being a felon in possession of a firearm. He maintained his innocence but said he pled guilty because he felt there was a strong probability of conviction if he went to trial. Credit for time served went toward his drug sentence that he was currently serving and not to his possession of a firearm sentence.

STANDARD OF REVIEW
¶ 4. A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court's proper standard of review is *962 de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

ANALYSIS

I. Was Moore denied effective assistance of counsel?
¶ 5. Moore argues that his attorney was ineffective because he: (1) failed "to be abreast of the proceedings" and the law, (2) did not explain the meaning of the plea, and (3) did not investigate the facts. The State responds that nothing in the record supports Moore's claim.
¶ 6. To prove ineffective assistance of counsel, Moore must demonstrate that his counsel's performance was deficient, and this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with Moore. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Under Strickland, there is a strong presumption that counsel's performance falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 694, 104 S.Ct. 2052. To overcome this presumption, "the defendant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result would have been different." Id.

A. "Failure to be abreast of the proceedings and the applicable law"
¶ 7. Moore argues that he was illegally searched, and that the gun should have been suppressed. He claims that he was racially profiled. He states, "[t]his is a matter which the defense counsel should have been aware of and should have informed the court prior to any Alford plea being made." Moore avers that had this possibility of suppression been discussed with him, he would have been able to make an intelligent decision whether to plead guilty or not.
¶ 8. This particular allegation of ineffective assistance of counsel is raised for the first time on appeal, while all remaining allegations were raised below. Generally, an appellant is barred from bringing new claims on appeal. Wilder v. State, 793 So.2d 698, 700(¶ 8) (Miss.Ct.App.2001). However, a claim of ineffective assistance of counsel may rise to the level of a violation of a defendant's fundamental constitutional rights. Bevill v. State, 669 So.2d 14, 17 (Miss.1996). Such violation is recognized as plain error. Id.
¶ 9. A traffic stop is constitutional, no matter the officer's subjective intent, so long as the officer had probable cause to believe that a traffic violation occurred. Whren v. United States, 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).

This is an objective test based on the facts known to the officer at the time of the stop, not on the motivations of the officer in making the stop. On the other hand, if it is clear that what the police observed did not constitute a violation of the cited traffic law, there is no "objective basis" for the stop, and the stop is illegal.
Walker v. State, 913 So.2d 198, 225-26(¶ 91) (Miss.2005) (quoting United States v. Escalante, 239 F.3d 678, 680-81 (5th Cir.2001)).
¶ 10. The officer stopped Moore because his vehicle had one of two taillights that was not working. By statute, every vehicle shall be equipped with at least one working rear lamp. Miss.Code Ann. § 63-7-13 (Supp.2006). As Moore's vehicle was in compliance, and it is "clear that what the police observed did not constitute a violation of the cited traffic law," there was no probable cause to stop his car. The subsequent search was illegal, *963 and the gun should have been suppressed. This is basic Fourth Amendment law. Moore has made a showing that his attorney was deficient for recommending the plea instead of filing a motion to suppress.
¶ 11. Moore alleges that but for his attorney advising him of this right, the result would probably be different. He says he was denied the right to intelligently choose whether to plead or go to trial. Because Moore has made a prima facie showing that he was denied effective assistance of counsel, we remand for an evidentiary hearing on this issue.

B. Failure to explain the meaning of the Alford plea
¶ 12. Moore also asserts that his attorney did not explain the meaning of an Alford plea. "When a defendant enters into a guilty plea while maintaining his innocence, he has entered what is known as an Alford plea. . . ." Cole v. State, 918 So.2d 890, 892-93(¶ 4) (Miss.Ct.App.2006). A guilty plea is voluntary if a defendant makes the plea after intelligently determining that the plea is in his best interest, even if he does not admit actual participation in the crime. North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). However, if the defendant does not admit participation, the record must reflect convincing evidence of the defendant's guilt, and the defendant must voluntarily, knowingly, and understandingly consent to the prison sentence. Id.
¶ 13. The record indicates that Moore was fully apprised of the meaning of an Alford plea. In his petition to plead guilty, Moore handwrote, "I mention my innocence to this charge but am accepting the plea offer from the State because I feel that the evidence presented against me, if it went to trial, would result in a strong probability of a conviction. This is under Alford v. North Carolina." Additionally, when the trial court explained the meaning of such a guilty plea at the plea hearing, Moore responded that this was what he understood he was doing. Therefore, Moore failed to prove his counsel was deficient in this manner.
¶ 14. By that same token, even if counsel was deficient, there would be no prejudice, because the trial court properly advised Moore of the meaning. During the plea hearing, the trial court explained:
As I understand your petition, Mr. Moore, you are pleading guilty yet maintaining your innocence. And I can allow you to do this under a case styled Alford versus North Carolina, which says this: Number one, that you have been advised by your attorney . . . of the evidence that the District Attorney would present against you in front of the jury if you went to trial; and after going over that evidence with your attorney, if you feel like there is a strong probability that a jury would convict you  not that they absolutely would, but there is a strong probability  considering that factor and the plea bargain agreement being offered to you by the State, if you feel like it's in your best interest to plead guilty and accept that plea bargain agreement, rather than go to trial, maybe getting convicted by a jury, and possibly receiving a stiffer sentence from the Court, under those circumstances, I can allow you to plea guilty though you are maintaining your innocence. Now is that your understanding of what you are doing?
Moore responded in the affirmative. Accordingly, this issue has no merit.

C. Failure to investigate the facts
¶ 15. Moore argues that his attorney neither interviewed witnesses who would corroborate Moore's innocence nor *964 investigated the facts of the illegal stop. Specifically, Moore claims that his mother would testify she owned the car, and his brother would testify that he owned the gun. Moore claims the passenger in the car was not interviewed, but does not assert what information she could give. He says the video in the patrol car would show that both taillights were working, and therefore, the police officer's reason for stopping the car was pretextual. Moore testified in his plea hearing that he felt like his attorney did everything he could do in representing him. In his petition to plead guilty, he swore that he told his lawyer all the facts and circumstances about the charges and he believed his lawyer was fully informed on all such matters.
¶ 16. Additionally, "[i]n order to establish that failure to investigate a line of defense constituted ineffective assistance, a petitioner must show that knowledge of the uninvestigated evidence would have caused counsel to vary his course." Thomas v. State, 881 So.2d 912, 918(¶ 18) (Miss.Ct.App.2004) (quoting King v. State, 503 So.2d 271, 275 (Miss.1987)). Moore does not allege that his attorney would have done anything differently had he investigated these facts. Furthermore, we can find no benefit that the evidence would have given. The issue of who owned the gun and the car does not help Moore, as there was plenty of evidence that he knowingly had the gun in his possession. It was under his seat, where he kept reaching. Additionally, the video was not needed, because whether or not one or two taillights were working, Moore's vehicle was in compliance with section 63-7-13. This issue has no merit.

II. Was there a factual basis to support the plea?
¶ 17. Moore argues there was no factual basis to support the plea, because he did not admit to the crime. As explained previously, the factual basis to support the plea does not have to come from the defendant. Alford, 400 U.S. at 37, 91 S.Ct. 160. If he maintains his innocence, the record must reflect convincing evidence of the defendant's guilt. Id.
¶ 18. At the hearing, the State averred that the arresting officer would testify that Moore was the driver of the vehicle. As the officer followed the car, "he kept noticing the driver making movements like he was putting something under the driver's seat of the car." The officer searched under the driver's seat and found a burnt marijuana cigarette and the gun. The gun "was on a spring type of mechanism, which would make it easier to retrieve. The spring didn't appear to be something that was standard on a vehicle. At first [Moore] said he didn't know anything about the gun, but later said he thought it was his brother's." It was undisputed that Moore was a previously convicted felon at the time.
¶ 19. This would have been sufficient evidence to support a conviction for possession of a firearm by a felon. A reasonable fact-finder could conclude that Moore knew that the gun was in the car.

III. Was Moore entitled to an evidentiary hearing?
¶ 20. In the alternative, Moore argues that he was entitled to an evidentiary hearing. If "it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified." Miss.Code Ann. § 99-39-11(2) (Rev.2000). A defendant is not entitled to an evidentiary hearing where the affidavits presented directly conflict with the testimony in the plea hearing. Cole v. State, *965 608 So.2d 1313, 1321 (Miss.1992). Furthermore, "[a] prima facie claim must be stated by the defendant in his petition to the lower court in order to obtain an evidentiary hearing on the merits of an ineffective assistance of counsel issue." Robertson v. State, 669 So.2d 11, 13 (Miss. 1996).
¶ 21. As set out above, Moore's claims that (1) his attorney was ineffective for not explaining Alford, (2) his attorney was ineffective for not investigating the facts, and (3) there was no factual basis to support the plea were in direct conflict with the record. There was nothing in the record to contradict Moore's assertion that his attorney did not know or advise him of his right to suppress the evidence.

IV. Did the court incorrectly sanction Moore with sixty days of earned time?
¶ 22. Because we remand this case for an evidentiary hearing on Moore's ineffective assistance of counsel claim, we do not reach this issue and it may be considered by the trial court after the evidentiary hearing.

V. Do cumulative errors entitle Moore to relief?
¶ 23. Because we remand this case for an evidentiary hearing on Moore's ineffective assistance of counsel claim, we do not reach this issue.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DENYING POST-CONVICTION RELIEF IS REVERSED AND REMANDED FOR AN EVIDENTIARY HEARING CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
LEE, P.J., IRVING, CHANDLER, BARNES AND ISHEE, JJ., CONCUR. KING, C.J., CONCURS IN RESULT ONLY. MYERS, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. ROBERTS AND CARLTON, JJ., NOT PARTICIPATING.