806 So.2d 1148 (2002)
Larry SMITH, Appellant
v.
STATE of Mississippi, Appellee.
No. 2001-CP-00221-COA.
Court of Appeals of Mississippi.
January 15, 2002.
*1149 Larry Smith, Appellant Pro Se.
Office of the Attorney General by Jean Smith Vaughan, for Appellee.
Before McMILLIN, C.J., THOMAS, and MYERS, JJ.
THOMAS, J., for the Court.
¶ 1. Larry Smith, pro se, appeals an order of the Circuit Court of Scott County, Mississippi denying his petition for post-conviction relief. Aggrieved, Smith perfected this appeal, raising seven issues as *1150 errors; however, these errors can be summarized as follows:
THE LOWER COURT COMMITTED MANIFEST ERROR IN DISMISSING SMITH'S MOTION FOR POST-CONVICTION RELIEF.
Finding no error, we affirm.

FACTS
¶ 2. On February 11, 1997, Smith pled guilty to two counts of sexual battery of male children under the age of fourteen. The plea was accepted as validly made by the Honorable Marcus Gordon. Smith was sentenced to a term of fifteen years on each count with the sentences to run consecutively. Smith later filed a motion for production of records and transcripts in the Circuit Court of Scott County and then a writ of mandamus in the same court. He also filed a motion for appointment of counsel, presumably for the purpose of filing for post-conviction relief, which was denied. Smith filed a petition for post-conviction relief on July 7, 2000, with the Circuit Court of Scott County. The Honorable Vernon Cotten denied this motion.

ANALYSIS
¶ 3. In reviewing a trial court's decision to deny a motion for post-conviction relief the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous. Kirksey v. State, 728 So.2d 565, 567 (Miss.1999).

DID THE LOWER COURT COMMIT MANIFEST ERROR IN DISMISSING SMITH'S MOTION FOR POST-CONVICTION RELIEF?
¶ 4. Smith claims that he was denied his privilege against self-incrimination, that he did not receive due process of law, that he was unreasonably searched, that his right to confront witnesses was denied, and his right to demur to the indictment was violated. All of these assertions fail due to the fact that Smith waived all such rights when he knowingly, voluntarily and intelligently pled guilty. Like the petitioner in McMillian v. State, 774 So.2d 454, 458 (Miss.Ct.App.2000), Smith waived his constitutional rights by pleading guilty. Further, our supreme court has explained that:
[T]here are only two exceptions to the rule that entry of a guilty plea waives defects. Those exceptions being if the indictment does not contain an essential element of the crime, or if there is no subject matter jurisdiction.
Banana v. State, 635 So.2d 851, 853 (Miss. 1994). Our supreme court continued to explain that "a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial." Id. at 853-54.
¶ 5. Smith then claimed that he was not given effective assistance of counsel at the lower court proceedings. Smith's claim is addressed under a two-part test established in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and followed by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468, 476 (Miss. 1984). A successful completion of this test is paramount to Smith's argument. He must successfully meet both prongs. Under Strickland and Stringer, Smith must show that the counsel's performance was so deficient that it constituted prejudice. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. The asserting party must also show that "but for his attorney's errors, there is a reasonable probability that he would have received a different result in the trial court." Rankin v. State, 636 So.2d 652, 656 (Miss.1994). Smith bears the burden of demonstrating that both prongs have *1151 been met. Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985).
¶ 6. Additionally, there is a strong but rebuttable presumption that an attorney's performance falls within a wide range of reasonable professional assistance and that the decisions made by trial counsel are strategic. Vielee v. State, 653 So.2d 920, 922 (Miss.1995). The Strickland test is applied with deference to counsel's performance, considering the totality of the circumstances to determine whether counsel's actions were both deficient and prejudicial. Conner v. State, 684 So.2d 608, 610 (Miss.1996). The test is to be applied to the overall performance of the attorney. Strickland, 466 U.S. at 695, 104 S.Ct. 2052. With respect to the overall performance of the attorney, "counsel's choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections fall within the ambit of trial strategy." Scott v. State, 742 So.2d 1190 (¶ 14) (Miss.Ct.App.1999); Cole v. State, 666 So.2d 767, 777 (Miss. 1995); Murray v. Maggio, 736 F.2d 279, 283 (5th Cir.1984). With this in mind, we now turn to Smith's allegations of ineffectiveness.
¶ 7. The record shows that Smith was provided effective counsel. Smith claims that his attorney provided inaccurate advice when he told Smith that the outcome of a trial would likely result in a more harsh sentence. This advice is supported by the record, which reveals that the court informed Smith that if he was found guilty, the court would have sentenced him to the maximum sentence, thirty years, on each count.
¶ 8. Smith finally claims that he was denied appointed counsel for purposes of his post-conviction relief appeal. "A criminal defendant has neither a state nor federal constitutional right to appointed counsel in post-conviction proceedings." Moore v. State, 587 So.2d 1193, 1195 (Miss. 1991). Therefore, this assertion of error is without merit.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF SCOTT COUNTY DENYING POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.