GRIFFIS, J.,
for the Court.
¶ 1. Donald Hill appeals the trial court’s denial of his motion for post-conviction relief. On appeal, Hill argues that (1) the trial court’s failure to convene a sentencing jury deprived him of due process of law, (2) the trial court erred in allowing him to waive indictment, (3) the trial judge erred in failing to recuse himself, and (4) the cumulative effect of these alleged errors denied him his constitutional right to a fair trial. We find no error and affirm.
FACTS
¶ 2. On October 16, 1996, Donald Hill pleaded guilty to capital murder. Prior to entering his plea, Hill signed a petition waiving his right to indictment and his right to have a jury determine his sentence. The Circuit Court of Calhoun County sentenced Hill to life imprisonment without the possibility of parole. In August 2003, almost seven years later, Hill filed a motion for post-conviction relief, which was denied by the trial court. Hill now appeals to this Court.
STANDARD OF REVIEW
¶ 3. In reviewing a trial court’s decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶3) (Miss.Ct. App.2002).
ANALYSIS
¶ 4. In his motion for post-conviction relief, Hill presents four grounds for relief. Mississippi Code Annotated Section 99-39-5(2) (Rev.2000) states that “[a] motion for relief ... shall be made ... in case of a guilty plea, within three (3) years after entry of the judgment of conviction.” Because Hill did not file his motion for post-conviction relief until almost seven years after his conviction, his motion is procedurally barred by the statute of limitations. Upon review, we find that Hill *144 has failed to show an exception which would have authorized the circumvention of the three-year statute of limitations. Therefore, his motion for post-conviction relief is time barred and the decision of the Circuit Court of Calhoun County is affirmed.
¶ 5. Procedural bar notwithstanding, Hill first argues that the trial court’s failure to convene a sentencing jury deprived him of due process of law. He contends that his sentence is illegal since the trial court “exceeded its authority by sitting as a sentencing body in a capital murder prosecution.” Mississippi Code Annotated Section 99-19-101(1) (Rev.2000) states, “[i]f the trial jury has been waived, or if the defendant pleaded guilty, the sentencing proceeding shall be conducted before a jury impaneled for that purpose or may be conducted before the trial judge sitting without a jury if both the State of Mississippi and the defendant agree thereto in writing.” The record indicates that Hill signed a written petition in which he knowingly and voluntarily pleaded guilty to the charges and agreed to have the trial judge sit as the sentencing body pursuant to Mississippi Code Annotated Section 99-19-101(1) (Rev.2000). In an order entitled, “Plea of Guilty and Judgment of the Court,” the trial court found that the parties had entered into such an agreement. Thus, despite Hill’s contention, the trial court was authorized to sit as a sentencing body. Because Hill’s sentence of life imprisonment without the possibility of parole is within the statutory guidelines for capital murder, Hill’s sentence is not illegal. See Miss.Code Ann. § 99-19-101(1) (Rev.2000). Therefore, we find this issue lacks merit.
¶ 6. Hill next argues that the trial court erred in allowing him to waive indictment. However, the record shows that the trial judge fully discussed with Hill his right to have a grand jury investigate the charge. The trial judge explained:
Now, you’ve asked the Court to allow you to waive your indictment. Before you could be required to answer to this charge or do anything about this charge as far as in the courtroom or to defend it, you’re entitled to have a grand jury investigate that because nobody under our system of law can be charged or be required to answer to a felony in Court until a grand jury has indicted you; and you’re asking the Court to allow you to waive that grand jury indictment?
Hill responded, ‘Tes, sir.” The trial judge further stated, “[A]nd do you understand what you’re asking this Court to do is to allow you to waive that grand jury and go ahead and plead guilty to the crime. Do you understand that?” Again, Hill responded, ‘Tes, sir.” When asked whether anything was wrong mentally or emotionally to keep him from knowing what was taking place Hill responded, “No, sir.” Thus, the record clearly shows that Hill knowingly and voluntarily waived indictment. Therefore, we find this issue is without merit.
¶ 7. Hill also argues that the trial judge erred in failing to recuse himself since the trial judge stated on the record that he knew the victim’s daughter. The legal standards pertaining to judicial conduct come primarily from three sources. The Mississippi Constitution states:
No judge of any court shall preside on the trial of any cause, where the parties or either of them, shall be connected with him by affinity or consanguinity, or where he may be interested in the same, except by the consent of the judge and of the parties.
Miss. Const, art. 6 § 165 (1890). Additionally, Mississippi Code Annotated Section 9-1-11 (Rev.2002) provides:
*145 The judge of a court shall not preside on the trial of any cause where the parties, or either of them, shall be connected with him by affinity or consanguinity, or where he may be interested in the same, or wherein he may have been of counsel, except by the consent of the judge and of the parties.
Furthermore, Canon 3 of the Code of Judicial Conduct requires disqualification of a judge under the following circumstances:
(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:
(a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
(b) he served as lawyer in the matter in controversy or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it.
¶ 8. The trial judge was not related to the parties and did not have a pecuniary or property interest in the litigation or one affecting his individual rights which would require disqualification. The sole issue is whether the trial judge should have disqualified himself since he knew the victim’s daughter. There is no evidence in the record of a close, personal relationship between the trial judge and the victim’s daughter which would cause the trial judge to be biased or prejudiced. The trial judge, after learning the victim’s name, simply stated that he knew the victim’s daughter.
¶ 9. A judge, sworn to administer impartial justice, is presumed to be qualified and unbiased. Collins v. Joshi, 611 So.2d 898, 901 (Miss.1992). This presumption may only be overcome by evidence showing beyond a reasonable doubt that the judge was biased or not qualified. Id. Upon review of the record, we find no such evidence exists. Therefore, this issue lacks merit.
¶ 10. Hill last argues that the cumulative effect of these alleged errors denied him his constitutional right to a fair trial. Hill contends that “the defense attorney, prosecutor, and trial court acted in concert to remove the sentencing authority from the jury and convey it, illegally, to the trial court.” However, as discussed earlier, Hill knowingly and voluntarily waived indictment, pleaded guilty to the charges, and agreed to have the trial judge sit as the sentencing body pursuant to Mississippi Code Annotated Section 99-19-101(1) (Rev.2000). Therefore, we find no error.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF CALHOUN COUNTY DENYING DONALD HILL’S MOTION FOR POST-CONVICTION RELIEF IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CALHOUN COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ. concur.