GRIFFIS, J.,
for the Court.
¶ 1. Bruce Padgett appeals the denial of his motion to vacate judgment and sentence, which the trial court treated as a motion for post-conviction relief. We find no error and affirm.
¶2. On March 16, 1979, Padgett was indicted for capital murder in violation of Mississippi Code Annotated Section 97-3-19(2)(e) (1972). On September 23, 1980, Padgett pled guilty to murder as a habitual offender. He was sentenced to serve a term of life in custody of the Mississippi Department of Corrections, without the possibility of parole.
¶ 3. In August of 2004, Padgett filed a motion to vacate judgment and sentence. The court treated Padgett’s motion as a submission under the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss.Code Ann. § 99-39-1- § 99-39-119 (Rev.2000). The trial court summarily denied the motion as time barred because it was filed more than three years after the entry of Padgett’s guilty plea.
¶ 4. The standard of review requires that we not reverse the trial court absent a finding that the decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when issues of law are raised the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
¶ 5. In his appeal, Padgett raises five issues: (1) whether the life sentence without the possibility of parole is an illegal sentence as that court did not have jurisdiction to impose sentence and to accept the plea of guilty on an illegal bill of information, that the state used the bill of information to illegally amend the indictment; (2) whether the bill of information was illegal, and therefore the court was without jurisdiction to try Padgett; (3) whether the bill of information properly charged Padgett as a habitual offender; (4) whether Padgett received effective assistance of counsel; and (5) whether the trial court erred in dismissing the motion as time barred.
¶ 6. The trial court held:
After careful review, the court finds that Petitioner’s motion is time barred under Mississippi Code Ann. § 99-39-5(2). That statute provides, “[a] motion for relief under this chapter shall be made, ... in the case of a guilty plea, within three (3) years after the entry of the judgment of conviction.” Petitioner’s judgment of conviction was entered on or about September 30,1980. Petitioner submitted his motion for post-conviction collateral relief in August, 2004. Even *878 with the Court giving Petitioner the maximum benefit of the statute of limitations by considering the period not to have commenced until the passage of the Uniform Post Conviction Collateral Relief Act in 1984, the Petitioner is still approximately twenty (20) years past the time for filing. The statute lists several exceptions to the three year limitations period, however, the petitioner has submitted no evidence to indicate that any of these exceptions are applicable in this case. He has cited no intervening decision of the Supreme Court which would have adversely affected the outcome of his conviction or sentence. Nor has he presented any evidence which is of such a nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Therefore, this action is time barred pursuant to Miss.Code Ann. § 99-39-5(2).
¶ 7. The trial court correctly determined that Padgett’s motion was for post-conviction relief. Likewise, the trial court correctly dismissed the motion as time barred. Padgett raises no issues within the statutory exceptions. Accordingly, we affirm and find no basis to address Pad-gett’s remaining issues.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.