942 So.2d 298 (2006)
Mervin SANDERS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2005-CP-02141-COA.
Court of Appeals of Mississippi.
November 14, 2006.
Mervin Sanders, Appellant, pro se.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before LEE, P.J., IRVING and ISHEE, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. In 1978, Mervin Sanders was convicted in the Circuit Court of Lincoln County of two counts of unlawfully selling a controlled substance and was sentenced to serve two consecutive terms of five years with said sentence suspended during five years of probation. On September 16, 1983, Sanders was convicted of selling marijuana and was sentenced to serve eight years to run consecutive to any previous sentence. Sanders's probation from the 1978 sentence was also revoked on September 16, 1983.
¶ 2. On January 21, 1990, Sanders was arrested for unlawful possession of cocaine with intent to deliver. He was indicted for this crime on October 17, 1991, and pled not guilty. Sanders was then tried in the Circuit Court of Pike County and found guilty on October 31, 1991. Evidence of his two prior drug convictions was introduced, and Sanders was sentenced to thirty years as a habitual offender without parole, probation, good time, or early release and ordered to pay a $30,000 fine.
¶ 3. Sanders appealed the 1991 conviction to the Mississippi Supreme Court. The conviction was affirmed on June 6, 1996. See Sanders v. State, 678 So.2d 663 (Miss.1996). Sanders then filed a motion for post-conviction relief and a motion for summary judgment in the Pike County Circuit Court. The State filed a cross-motion for summary judgment. The circuit court granted the State's summary judgment motion. Sanders appealed this decision, and this Court affirmed. See Sanders v. State, 846 So.2d 230 (Miss.Ct. App.2002).
¶ 4. On August 22, 2005, Sanders filed a motion in the Circuit Court of Lincoln County to vacate and set aside his convictions *300 and thirty year sentence as a habitual offender on the grounds that: (1) his probation was unlawfully revoked because he was denied counsel at his probation revocation hearing on September 16, 1983; (2) his motion for ineffective assistance of counsel is not time-barred; and (3) his sentence is illegal. On November 10, 2005, the trial judge denied Sander's motion finding that Sander's ineffective assistance of counsel claim was time-barred and that counsel is not required in all revocation hearings. Sanders now appeals to this Court.

STANDARD OF REVIEW
¶ 5. In reviewing a trial court's decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct. App.2002).

DISCUSSION
¶ 6. Sander's probation from his 1978 conviction was revoked when he was convicted of the sale of more than one ounce of marijuana on September 16, 1983. He now argues that his probation was unlawfully revoked because he was not represented by counsel at the 1983 probation revocation hearing. He further argues that his 1991 sentence as a habitual offender was illegal since the 1983 sentence was illegal.
¶ 7. Sander's ineffective assistance of counsel claim from his September 16, 1983 conviction is well past the three year statute of limitations in Mississippi Code Annotated section 99-39-5(2) (Rev. 2002) which states, in pertinent part:
(2) A motion for relief under this article shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are . . . those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
Sanders argues that the three year statute of limitations does not apply because his sentence was illegal to begin with due to lack of counsel. Even if Sanders was without counsel, his argument still fails since counsel is not required in all probation revocation hearings. Baldwin v. State, 891 So.2d 274, 277(¶ 12) (Miss.Ct.App.2004) (citing Riely v. State, 562 So.2d 1206, 1209 (Miss.1990)). A probationer has the right to appointed counsel at a revocation hearing only when the issues are complex. Id. Sanders has presented no evidence that the 1983 probation revocation required counsel or that the court denied his request for appointed counsel.
¶ 8. Finding no merit in this appeal and no error in the denial of Sander's motion for post-conviction relief, we affirm.
¶ 9. THE JUDGMENT OF THE LINCOLN COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.