LEE, P.J.,
for the Court.
FACTS AND PROCEDURAL HISTORY
¶ 1. On October 26, 2002, the Columbus Police Department responded to a shoplifting call at a local convenience store. After a fight ensued with the police officers, Lee Andre Williams fled the scene. Williams was later apprehended and taken to the Lowndes County Detention Center where he was searched. A small amount of cocaine was found in Williams’s pocket.
¶ 2. Williams was tried in Lowndes County Circuit Court and found guilty of possession of less than one-tenth gram of cocaine in violation of Mississippi Code Annotated Section 41-29-139 (Rev.2005). The State filed a motion to amend the indictment to sentence Williams as a habitual offender on May 20, 2003. On May 22, 2003, a hearing was held, and an order was entered allowing the amendment containing the habitual offender language. The court sentenced him to a life sentence as a habitual offender pursuant to Mississippi Code Annotated Section 99-19-83 (Rev. 2000). The previous charges upon which the habitual offender status was based included: a 1991 manslaughter conviction for which he was sentenced to serve eight years in the custody of the Mississippi Department of Corrections, a 1996 shoplifting conviction for which he was sentenced to serve three years in the MDOC, and a 1999 robbery conviction for which he was sentenced to serve one year in the custody of the MDOC. Williams served at least one year for each of the convictions.
¶ 3. Williams filed a motion for leave to appeal informa pauperis, and on June 25, 2003, he was once again brought before the court and advised of his right to appeal. Williams refused to sign-any documents reflecting his in forma pauperis status with respect to his right to appeal. When asked repeatedly if he desired to appeal Williams stood silent. .
¶ 4. On November 13, 2003, Williams filed a motion for JNOV or, in the alternative, motion for new trial and appointment of counsel alleging that he received an illegal life sentence. The trial judge, treating the motion as a motion for post-conviction relief, found that it was without merit and did not necessitate a hearing.
¶ 5. Williams now appeals to this Court based on the following issues: (1) the sentence imposed by the trial court was illegal and violated his constitutional rights; (2) the illegal sentence violated his due process rights; (3) the imposition of a life sentence as a habitual offender violates the United States Supreme Court cases Apprendi v. New Jersey and Blakely v. Washington; (4) the standards set in Ap-prendi and Blakely should be applied to this case; (5) the sentence imposed was illegal under Apprendi and Blakely; (6) the way in which the Mississippi habitual offender enhancement sentence system operates, not the labels it uses, is dispositive; and (7) the exceptional sentence imposed highlights the practical and structural concerns underlying Apprendi. Issues I and II will be discussed together as will Issues III through VII as each raises the same argument.
*567 STANDARD OF REVIEW
¶ 6. A trial court’s denial of post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 8) (Miss.Ct.App.2002). However, when issues of law are raised the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(116) (Miss.1999).
DISCUSSION

ISSUES I-II

¶7. Williams argues that his sentence of life is unconstitutional because it is out of proportion with the statutory sentence for the crime for which he was convicted. The charge for which Williams was on trial, possession of less than one-tenth gram of cocaine, when charged by indictment as a felony, is punishable by “imprisonment not less than one (1) nor more than four (4) years and a fine not more than Ten Thousand Dollars ($10,-000).” Miss.Code Ann. § 41-29-139(c)(1)(a) (Rev.2005). Williams fails to mention that he was given a life sentence because he was a habitual offender and not based on the possession conviction alone. The amendment to the indictment charging him as a habitual offender did not affect the substance of the crime for which he was charged, but only the sentencing. Section 99-19-83 states that:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
¶ 8. While Williams’s original indictment did not charge him as a habitual offender, indictments may be amended to charge a defendant as a habitual offender or to elevate the level of the offense where the offense is one which is subject to enhanced punishment for subsequent offenses and the amendment is to assert prior offenses justifying such enhancement. Adams v. State, 772 So.2d 1010, 1020(¶ 46) (Miss.2000); URCCC 7.09. Amendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised. Id.
¶ 9. Williams has not shown how he was surprised by the amendment or how his ability to prepare a defense was affected by the amendment. In fact, the record shows that Williams was warned before his jury trial that the indictment would be amended. Williams’s own counsel stated that she “explain[ed] it to Mr. Williams that the State was going to move to amend its indictment to allege that he was a habitual offender within the big habitual; that meaning he faces life in prison without possibility of parole.” The trial judge then explained Rule 7.09 to Williams for the record. Williams responded that he understood that the consequence was life without parole if he was found guilty on the drug charge and that he was ready to proceed with trial.
¶ 10. We find that Issues I and II are without merit.

ISSUES III-VII

¶ 11. In the remaining issues presented on appeal, Williams argues that the Mississippi habitual offender enhancement scheme violates the Supreme Court’s rulings in Blakely v. Washington, 542 U.S. *568 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
¶ 12. In Blakely, the United States Supreme Court held that “any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury.” Blakely, 542 U.S. at 301, 124 S.Ct. 2531. Apprendi held that criminal defendants are “indisputably entitle[d] ... to ‘a jury determination that [they are] guilty of every element of the crime ... charged, beyond a reasonable doubt.’ ” Apprendi, 530 U.S. at 477, 120 S.Ct. 2348. Williams argues that these cases require a jury to determine habitual offender status. However, each of the cited cases notes that prior convictions are a recognized exception to the requirement of jury determination of enhancing sentencing factors. Blakely states that “[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” 542 U.S. at 301, 124 S.Ct. 2531 (citing Apprendi, 530 U.S. at 490, 120 S.Ct. 2348) (emphasis added).
We find Issues III through VII to be without merit and, therefore, affirm.
¶ 13. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.