GRIFFIS, J.,
for the Court.
¶ 1. William Denton appeals the denial of his motion for post-conviction relief. Den-ton alleges that he received a disproportionate sentence following his guilty plea. We find no error and affirm.
FACTS
¶ 2. William Denton was indicted for the crimes of burglary and aggravated assault, and he entered a plea of guilty to both counts of the indictment. Before accepting the plea of guilty, the trial court used the normal plea colloquy to ensure that the plea was voluntary and intelligently entered. Finding that it was, the trial court accepted Denton’s plea of guilty and proceeded to sentence Denton.
¶ 3. On the charge of burglary, Denton was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections, with eight years suspended. On the charge of aggravated assault, Den-ton was sentenced to serve twelve years with tour years suspended. The judge also ordered that the sentences run concurrently.
¶ 4. Two years later, Denton filed a motion for post-conviction relief. The trial court summarily dismissed the motion. It is from this judgment that Denton now appeals.
STANDARD OF REVIEW
¶ 5. In reviewing a trial court’s decision to deny a motion for post-conviction relief, the trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(113) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).
ANALYSIS
¶ 6. Denton alleges that his sentence was disproportionate to the offenses that he committed. Denton claims that since he was sixty-five years old and had no previous criminal record then he should have received a more lenient sentence. To support his contention, Denton argues that another individual, from Itawamba County, who plead guilty to a similar crime was likewise sentenced to twenty years, but thirteen years were suspended.
¶ 7. The Mississippi Supreme Court has held that “sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute.” Hoops v. State, 681 So.2d 521, 537 (Miss.1996). However, there are times when the proportionality of the sentence should be reviewed. Id. In the event that the defendant makes a threshold comparison, showing the crime committed and the sentence imposed are “grossly disproportionate,” then this Court may review the sentence under the Solem analysis. Sims v. State, 928 So.2d 984, 988(¶ 22) (Miss.Ct.App.2006) (citing Hoops v. State, 681 So.2d 521, 538(Miss.1996)). The Solem analysis lists three criteria to examine: “(1) the gravity of the offense and the harshness of the penalty; (2) the sentence imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions.” Fleming v. State, 604 So.2d 280, 302-03 (Miss.1992) (citing Solem v. Helm, 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)).
¶ 8. Denton was found to have committed burglary, in violation of Mississippi Code Annotated Section 97-17-23, and aggravated assault, in violation of Mississippi *400 Code Annotated Section 97-3-7. Burglary carries a sentence of “not less than three (3) years nor more than twenty-five (25) years.” Miss.Code Ann. § 97-17-23 (Supp.2001). Consistent therewith, Den-ton was sentenced to twenty years with eight years suspended. The sentence was clearly within the statutory range.
¶ 9. The type of aggravated assault that Denton pled guilty to carries with it a sentence of “imprisonment in the county jail for not more than one (1) year or in the Penitentiary for not more than twenty (20) years.” Miss.Code Ann. § 97-3-7 (Supp.2001). Consistent therewith, Den-ton was sentenced to twelve years imprisonment with four years suspended. The sentence was also within the statutory range.
¶ 10. Here, the trial court decided to allow the sentences to run concurrently. Denton could have received the maximum sentence for each crime committed, and the trial court could have decided to allow the sentences to run consecutively. Consecutive sentences could have resulted in total sentence of forty-five years imprisonment. Denton was given a much more lenient sentence.
¶ 11. Denton broke into a house wielding a pistol and then began to hit the victim. He hit the victim more than once with the weapon. This was a very violent act that left the victim and the victim’s family traumatized. As part of his sentencing, the trial court took into account Denton’s age and lack of a prior criminal record, as well as the effect the crime had on the victim and her family. After reviewing the record, it is clear that the sentence Denton received is proportionate to the crimes that he committed. Regardless of whether another individual in a different county, received a slightly less imprisonment sentence, Denton has failed to show that his sentence is “grossly disproportionate” to the violent acts which he committed. Sims, 928 So.2d at 989(¶ 23) (citing Williams v. State, 784 So.2d 230, 236(¶ 15) (Miss.Ct.App.2000)). Therefore, we do not proceed to the Solem analysis to take into account a “sentence imposed on other criminals in the same jurisdiction.” Fleming, 604 So.2d at 302-03 (citing Solem, 463 U.S. at 292, 103 S.Ct. 3001).
¶ 12. We find that Denton’s sentence was not grossly disproportionate to the crime he committed. Therefore, the judgment denying post-conviction relief is affirmed.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF PONTOTOC COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PONTOTOC COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.