LEE, P.J.,
for the Court.
FACTS AND PROCEDURAL HISTORY
¶ 1. On August 27, 1996, Timothy Edward Myers pled guilty in the Jackson County Circuit Court to one count of kidnapping. On February 26, 1997, Myers filed a motion to withdraw his guilty plea and/or set aside conviction. On March 11, 1997, the trial court entered an order to correct an error in Myers’s guilty plea. Myers was also sentenced at this time as a habitual offender to serve thirty years in the custody of the Mississippi Department of Corrections. On January 27, 1999, Myers filed a motion for post-conviction relief, which was subsequently denied. However, Myers appealed to this Court and we reversed and remanded for a new sentencing hearing. See Myers v. State, 770 So.2d 542 (Miss.Ct.App.2000). Ultimately, Myers was sentenced to serve twenty-five years.
¶ 2. Myers filed another motion for post-conviction relief on August 4, 2005. On November 29, 2005, the trial court entered an order dismissing Myers’s motion for relief finding that the issues raised in Myers’s motion had already been addressed in the January 27, 1999 motion, thus the motion was a successive writ pursuant to Mississippi Code Annotated Section 99-39-23(6) (Supp.2006). The trial court also found that the motion was filed outside the three year time limit pursuant to Section 99-39-5(2) (Supp.2006) and was time barred. Myers now appeals to this Court asserting that his trial counsel was ineffective and his right to a speedy trial was violated.
STANDARD OF REVIEW
¶ 3. A trial court’s denial of post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when issues of law are raised, the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
DISCUSSION
¶ 4. In this appeal, Myers argues that his trial counsel was ineffective and he was denied his right to a speedy trial. Since Myers has already argued the effectiveness of his trial counsel before this Court in his January 27, 1999 motion, Myers has changed his argument to state that his trial counsel was ineffective by failing to demand a speedy trial.
*919 ¶ 5. As this is Myers’s second motion for post-conviction relief, we find this motion for relief constitutes a successive writ pursuant to Section 99-39-23(6) and is barred. Regardless of the successive writ bar, a guilty plea waives the right to a speedy trial. Jones v. State, 747 So.2d 249, 251 (¶ 7) (Miss.1999). This issue is barred and Myers “may not recast the issue under the guise of ineffective assistance of counsel.” Hughes v. State, 892 So.2d 203, 210 (¶ 14) (Miss.2004). We find no merit to Myers’s appeal.
¶ 6. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ„ CONCUR. ISHEE,J., NOT PARTICIPATING.