984 So.2d 320 (2007)
Steven SHELTON, Appellant
v.
STATE of Mississippi, Appellee.
Steven Shelton, Appellant
v.
State of Mississippi, Appellee.
Nos. 2006-CP-02128-COA, 2006-CP-02134-COA.
Court of Appeals of Mississippi.
November 6, 2007.
Rehearing Denied March 11, 2008.
*321 Steven Shelton, Appellant, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before MYERS, P.J., BARNES and ROBERTS, JJ.
ROBERTS, J., for the court.
¶ 1. Steven Shelton appeals from the denial of his motions for post-conviction relief and denial of his motion for an out-of-time appeal. We find that the court properly dismissed the motions as time-barred and affirm that court's decision and judgment. We find no error and affirm the circuit court's decisions.

FACTS
¶ 2. On October 4, 2002, Shelton entered guilty pleas to two separate counts of sale of a controlled substance and was sentenced to two concurrent terms of thirty years, eighteen suspended, twelve to serve and five years post-release supervision. These sentences were also to run concurrent with a federal conviction for possession of a firearm by a convicted felon.
¶ 3. On October 3, 2005, Shelton delivered to prison officials for mailing his motion for post-conviction relief. This post-conviction relief motion was returned to Shelton unfiled by the Circuit Clerk of Rankin County as incomplete. As best we can tell from the record, Shelton failed to either pay the filing fee or submit a request or affidavit for pauper's status. Shelton returned the corrected motion with a pauper's affidavit to the court for filing on October 21, 2005, and the motion was denied on October 24, 2005, without an evidentiary hearing, as being time-barred.
¶ 4. On November 3, 2005, Shelton filed a motion for out-of-time appeal. The circuit court entered an order on November 15, 2006, dismissing the motion as premature since the thirty day time period for filing a notice of appeal had not then expired.
¶ 5. Almost a year later, on October 25, 2006, and November 6, 2006, Shelton filed motions for out-of-time appeals, and the motions were denied on November 22, 2006, as not timely filed. A notice of appeal from this order was filed on December 13, 2006.

STANDARD OF REVIEW
¶ 6. A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). *322 However, when reviewing issues of law, this Court's proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

DISCUSSION
¶ 7. Although Shelton raises four issues on appeal, there is really only one issue-whether the circuit court erred in denying the out-of-time appeal. Under M.R.A.P. 4(h), a trial court may reopen the time for taking an appeal if the court finds:
(a) that a party entitled to notice of the entry of judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of the entry of the order reopening the time for appeal.
In this case, Shelton clearly had timely notice of the disposition of his post-conviction relief motions. As he recognizes now, he filed a "mistitled motion." Not only was the motion mistitled, the motion failed to mention a timely appeal and it is impossible to fault the circuit court for failing to comprehend that Shelton was seeking something that his motion never asked for. At the time that Shelton's motion was denied he still had sufficient time to file a notice of appeal. It was not until a year later that Shelton again sought relief from the trial court. Under the applicable rule, the trial court was not in error in finding that the motion was untimely.
¶ 8. If the Court were to determine that the disposition of Shelton's motions for post-conviction relief were properly before the Court, the circuit court was clearly correct to deny the relief requested.
¶ 9. Shelton was convicted and sentenced on October 4, 2002. By his own admission, he did not deliver this motion for post-conviction relief to prison authorities until October 3, 2005. This motion was returned to him as "incomplete" and he did not file a proper post-conviction relief motion with the circuit court until October 21, 2005.
¶ 10. Under the prison mailbox rule, a motion for post-conviction relief is considered as filed on the date that the prisoner delivers the motion to prison officials for mailing. Melton v. State, 930 So.2d 452, 454(¶ 7) (Miss.Ct.App.2006). This rule would be applicable if Shelton's motion had met the requirements of the Mississippi Uniform Post-Conviction Relief Act. Miss.Code Ann. § 99-39-9 (Rev. 2007). Shelton's filing was thus time-barred under Mississippi Code Annotated § 99-39-5(2) (Rev.2007) since none of the exceptions to this three-year statute of limitations would apply. Shelton does not even contend that the time-bar is not applicable.

CONCLUSION
¶ 11. Under any scenario, Shelton was time-barred from either seeking post-conviction relief or from seeking an out-of-time appeal. His motion for post-conviction relief was filed beyond the time allowed under statute and his attempt at an out-of-time appeal was well beyond the time allowed by the rules of procedure. The judgment of the circuit court was clearly correct and this Court will affirm the judgment of the circuit court.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
*323 KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR.