LEE, P.J.,
for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. On January 31, 2006, in the Tate County Circuit Court, Kevin Sowell pled guilty to possession of cocaine. Sowell was sentenced as an habitual offender under Mississippi Code Annotated Section 99-19-81 (Rev.2000) to serve five years in the custody of the Mississippi Department of Corrections with three years of post-release supervision. Sowell then filed a motion for post-conviction relief, which the trial court subsequently denied. Sowell now appeals asserting that the indictment was improperly amended and that his trial counsel was ineffective.
STANDARD OF REVIEW
¶2. A trial court’s denial of post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when issues of law are raised, the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).
DISCUSSION
I. WAS THE INDICTMENT IMPROPERLY AMENDED?
¶ 3. In his first argument on appeal, Sowell argues that the indictment was improperly amended. Sowell claims that he was never formally indicted as an habitual offender under Mississippi Code Annotated Section 99-19-81. Sowell was indicted on July 29, 2005. Shortly thereafter, the trial court entered an order amending the indictment to charge Sowell as an habitual offender under Mississippi Code Annotated Section 99-19-83 (Rev.2000). At the sentencing hearing, the State agreed to reduce Section 99-19-83 habitual (requiring a life sentence) to Section 99-19-81 habitual (requiring the maximum sentence prescribed for such felony).
¶ 4. Rule 7.09 of the Uniform Rules of Circuit and County Court allows the amendment of indictments to charge a defendant as an habitual offender. See also Gray v. State, 926 So.2d 961, 974(¶ 39) (Miss.Ct.App.2006). However, according to Rule 7.09, any amendments to the indictment “shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.” The trial court found that there was no evidence of surprise as Sowell had been notified of the motion to amend the indictment early in the proceedings against him to charge him as a Section 99-19-83 habitual offender. We agree with the trial court and find no merit to this issue.
¶ 5. Sowell also makes broad assertions that his due process rights were violated when the indictment was amended to reflect his habitual offender status because he had no opportunity to object. However, although Sowell did not provide this Court with a transcript of his plea colloquy, Sowell admits that he was informed of sentencing recommendations prior to his guilty plea. Again we refer to the trial court’s order finding that Sowell was aware early in the proceedings that he was to be charged as an habitual offender. This issue is without merit.
II. WAS SOWELL’S TRIAL COUNSEL INEFFECTIVE?
¶ 6. In his other issue on appeal, Sowell argues that his trial counsel was *754 ineffective for failing to object to the amendment of the indictment charging So-well as an habitual offender under Section 99-19-83. Sowell must demonstrate that his trial counsel’s performance was deficient and the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the context of a guilty plea, Sowell must demonstrate that his counsel’s performance fell below the range of competence demanded of attorneys in criminal cases and that but for the attorney’s substandard performance, he would have insisted on going to trial. Alexander v. State, 605 So.2d 1170, 1173 (Miss.1992). Even from the scant record before this Court, it is clear that Sowell’s attorney was able to negotiate a reduced sentence for Sowell, from a possible life sentence under Section 99-19-83 to five years under Section 99-18-81. We cannot find that Sowell’s trial counsel performed in an ineffective manner. This issue is without merit.
¶ 7. THE JUDGMENT OF THE TATE COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ„ CONCUR.