LEE, P.J.,
 

 for the Court.
 

 PROCEDURAL HISTORY AND FACTS
 

 ¶ 1. On February 11, 2003, in the Scott County Circuit Court, Rodney Fielder pleaded guilty to armed robbery. Fielder was sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections. Fielder filed a motion for post-conviction relief alleging improper indictment, involuntary plea, and ineffective assistance of counsel. The trial court denied Fielder’s motion on April 28, 2006.
 

 ¶ 2. On December 27, 2006, Fielder filed a motion seeking permission to file an out-of-time appeal. Fielder also asserted that his claim constituted a motion for reconsideration because of newly discovered evidence, namely a transcript of his guilty plea. This motion was subsequently denied by the trial court.
 

 ¶ 3. On April 26, 2007, Fielder filed a motion entitled “Motion for Immediate Release from the Department of Corrections.” The trial court, treating the motion as one for post-conviction relief, denied Fielder’s motion. Fielder now appeals asserting the following assignments of error: (1) the trial court erred in denying his motion for post-conviction relief in light of newly discovered evidence; (2) the trial court erred in finding his guilty plea was voluntary; (3) he received ineffective assistance of counsel; and (4) the trial court failed to discuss the merits of his claims. Finding Fielder’s motion to be a successive writ, we affirm.
 

 STANDARD OF REVIEW
 

 ¶ 4. A trial court’s denial of post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous.
 
 Smith v. State,
 
 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when issues of law are raised, the proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598(¶ 6) (Miss.1999).
 

 
 *177
 
 DISCUSSION
 

 ¶ 5. Under Mississippi Code Annotated section 99-39-23(6) (Rev.2007), all successive motions for post-conviction relief are barred if the prisoner has filed a previous post-conviction-relief motion. Fielder’s first motion for post-conviction relief was found to be without merit and dismissed by the trial court. Fielder’s second motion for post-conviction relief, although not styled as such, was filed on April 26, 2007, and thus was a successive writ. Furthermore, Fielder has failed to point to an exception listed in section 99-39-23(6) to overcome the successive-writ bar. This issue is without merit.
 

 ¶ 6. THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.