LEE, P.J.,
 

 for the Court:
 

 PROCEDURAL HISTORY
 

 ¶ 1. The motion for rehearing is denied, and this opinion is issued in lieu of our previous per curiam affirmance.
 

 ¶ 2. On October 31, 1991, Mervin Sanders was convicted in the Circuit Court of Pike County of possession of cocaine with intent to deliver. He was sentenced as a habitual offender to thirty years in the custody of the Mississippi Department of Corrections without eligibility for parole or probation. He was ordered to pay a $30,000 fine. The supreme court affirmed Sanders’s conviction and sentence.
 
 Sanders v. State,
 
 678 So.2d 663, 671 (Miss.1996).
 

 ¶ 3. Sanders filed a motion for post-conviction relief and a motion for summary judgment asserting the issues raised in his motion for post-conviction relief. The State filed a cross-motion for summary judgment, which was granted by the trial court. Sanders then appealed, and this Court affirmed the trial court’s decision to grant the State’s summary-judgment motion.
 
 Sanders v. State,
 
 846 So.2d 230, 240 (¶ 41) (Miss.Ct.App.2002).
 

 ¶ 4. In 2005, Sanders filed a motion to vacate and set aside his conviction and sentence. The motion was denied. This Court affirmed the denial of Sanders’s motion on the basis that the motion was time-barred and that Sanders did not have the right to counsel at his parole-revocation hearing.
 
 Sanders v. State,
 
 942 So.2d 298, 300 (¶ 9) (Miss.Ct.App.2006).
 

 ¶ 5. On February 22, 2008, Sanders filed a motion in the trial court to set aside his conviction and sentence under Mississippi Rule of Civil Procedure 60(b)(4), arguing that the trial judge was biased because he had heard four prior actions involving Sanders. The trial court denied the motion.
 

 ¶ 6. Sanders now appeals, asserting the following issues: (1) the trial judge showed prejudice against him; (2) his sentence was erroneous; and (3) he was denied the right to a speedy trial. Finding that Sanders’s appeal is without merit, we affirm the trial court’s denial of Sanders’s motion.
 

 DISCUSSION
 

 ¶ 7. Sanders filed his motion to set aside and vacate his conviction and sentence under Mississippi Rule of Civil Procedure 60(b)(4), alleging that the judgment against him was void. We find that
 
 *732
 
 this latest motion was essentially a motion for post-conviction relief. Mississippi Code Annotated section 99-39-3 (Rev. 2007) was enacted “to provide the courts of this state with an exclusive and uniform procedure for the collateral review of convictions and sentences.” The statute of limitations for Sanders’s motion for post-conviction relief was three years from the supreme court’s ruling on direct appeal. Miss.Code Ann. § 99-39-5(2) (Supp.2009). The supreme court ruled on Sanders’s direct appeal in 2002, and the motion seeking post-conviction relief was filed with the trial court on February 22, 2008. Therefore, Sanders’s motion is time-barred. It is also barred as a successive writ pursuant to Mississippi Code Annotated section 99-39-23(6) (Supp.2009). In addition, there is no proof in the record that Sanders received permission from the supreme court to file his motion for post-conviction relief in the trial court as required by Mississippi Code Annotated section 99-39-7 (Supp.2009).
 

 ¶ 8. Notwithstanding the procedural bars, we would still find this appeal without merit. A motion made pursuant to Rule 60(b) must be made within a “reasonable time.” Sanders’s conviction occurred in 1991. His Rule 60(b) motion was filed in 2008. We find that seventeen years is not a reasonable time. Sanders does not cite any exceptions in the post-conviction-relief statute that would allow his petition to be excepted from the three-year statute of limitations. Miss.Code Ann. § 99-39-5(2)(a)-(b).
 

 ¶ 9. Therefore, we find that Sanders’s appeal is without merit.
 

 ¶10. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE AND MAXWELL, JJ„ CONCUR. ROBERTS, J., CONCURS IN RESULT ONLY. CARLTON, J., NOT PARTICIPATING.