LEE, C.J.,
for the Court:
¶ 1. Danny McGleachie appeals the Sunflower County Circuit Court’s denial of his motion for post-conviction relief (PCR). Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. In February 1986, McGleachie pleaded guilty to conspiracy to possess more than one kilogram of marijuana with the intent to sell, distribute, or dispense. His sentence was withheld, and he was placed on probation for five years. A year later, his probation was revoked, and he was ordered to serve two years in the custody of the Mississippi Department of Corrections with the remaining three years to be served on probation.
¶3. In April 2011, McGleachie filed a PCR motion with the trial court, asserting that he had obtained newly discovered evidence that had been withheld by the State. This evidence was an affidavit from Randall Corban, a Mississippi Bureau of Narcotics agent, submitted by the State in support of a motion for continuance of McGleachie’s 1986 trial. McGleachie argues he would not have pleaded guilty if he had known about the affidavit. The trial court denied the PCR motion, finding it was time barred and a successive writ.
¶ 4. McGleachie now appeals the denial of his PCR motion, asserting that he should have received a new trial based on newly discovered evidence. Finding no error, we affirm the denial of McGleachie’s PCR motion.
STANDARD OF REVIEW
¶ 5. A trial court’s denial of a PCR motion will not be reversed absent a finding that the trial court’s decision to deny the motion was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
DISCUSSION
¶ 6. We find the trial court properly denied McGleachie’s PCR motion. *1172 First, McGleachie’s motion is time barred, and no exception to this bar applies. Mississippi Code Annotated section 99-39-5(2) (Supp.2011) states that a petitioner who pleads guilty must file a PCR motion “within three (3) years after entry of the judgment of conviction.” McGleachie asserts an exception to the time bar applies because Corban’s affidavit qualifies as newly discovered evidence. See Miss.Code Ann. § 99 — 39—5(2) (a) (i). The affidavit was submitted in 1985 to advise the trial court that Corban had a conflict with McGlea-chie’s trial date but would be available to testify at a later date. McGleachie asserts he has attempted for years to obtain the affidavit, but he could not locate it because his attorney had been disbarred. McGlea-chie argues the affidavit is crucial evidence because Corban does not name McGleachie as a participant in the crime. He argues this is enough to exonerate him of the crime. After reviewing the affidavit, we find that although the affidavit does not discuss McGleachie’s participation, it does list McGleachie as one of the five men arrested for conspiracy. The affidavit does not exonerate McGleachie, and it does not qualify as newly discovered evidence.
¶ 7. Second, McGleachie’s motion is barred as a successive writ, and McGlea-chie has asserted no exceptions to this bar. Miss.Code Ann. § 99-39-23(6) (Supp.2010); McGleachie v. State, 840 So.2d 108 (Miss.Ct.App.2002).
¶ 8. The issues raised by McGleachie are without merit. We affirm the trial court’s denial of McGleachie’s PCR motion.
¶ 9. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. RUSSELL, J., CONCURS IN RESULT ONLY.