850 So.2d 223 (2003)
James T. HILL, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CA-00447-COA.
Court of Appeals of Mississippi.
July 22, 2003.
*224 Sidney Franklin Beck, Olive Branch, Attorney for Appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, Jackson, Attorney for Appellee.
Before KING, P.J., MYERS and GRIFFIS, JJ.
KING, P.J., for the Court:
¶ 1. James T. Hill, Jr. perfected this appeal from an order dismissing his petition for post-conviction collateral relief entered by the Circuit Court of DeSoto County, Mississippi. On June 5, 2001, Hill pled guilty to a charge of aggravated assault and was sentenced to a term of twenty years, with twelve years suspended and eight years to serve in the custody of the Mississippi Department of Corrections, and was ordered to pay restitution and court costs.
¶ 2. Hill filed his petition for post-conviction collateral relief on February 5, 2002. On March 1, 2002, the petition was dismissed by the trial court. On appeal, Hill raises the following issues:
I. Whether it was error to deny Hill's petition for post-conviction collateral relief.
II. Whether Hill received effective assistance of counsel.

FACTS
¶ 3. On March 22, 2001, Hill was indicted for aggravated assault. Hill was represented by appointed counsel.
¶ 4. On June 5, 2001, Hill executed a petition to enter a plea of guilty to the aggravated assault charge. During the guilty plea hearing on June 5, 2001, the trial judge questioned Hill to determine whether his plea to the aggravated assault charge was knowingly and voluntarily made. The trial judge asked if Hill understood that he was entitled to a public trial by jury, and that he had the right to cross-examine those persons testifying against him, as well as the right to subpoena witnesses to testify. Hill indicated that he understood these rights.
¶ 5. The trial judge questioned Hill to determine whether he was under the influence of drugs or undergoing any mental treatment. Hill stated that he was on his normal medication, which did not interfere with his ability to know what he was doing. The trial judge informed Hill that pleading guilty would waive his constitutional rights including the right to testify on his own behalf, or not to testify, as he chose. Hill *225 indicated that he understood his waiver of these rights.
¶ 6. Additionally, the trial judge asked Hill whether he had fully discussed all the facts and circumstances surrounding this case with his attorney. Hill responded affirmatively. The trial judge asked Hill whether he had talked about any defenses available to him if he went to trial. Hill indicated that he did in fact discuss this with his attorney. The trial judge questioned Hill regarding whether he had been threatened or coerced into pleading guilty, to which he stated, "[t]he time was quick." The trial judge then asked Hill if he wanted to go to trial and Hill indicated that he did not want to go to trial. The trial judge asked Hill if he was satisfied with the advice given by his attorney, to which Hill responded, "Yes, sir."
¶ 7. The trial judge then accepted Hill's plea of guilty to aggravated assault.

ISSUES AND ANALYSIS
¶ 8. While Hill alleges two assignments of error, the two are combined in his brief. Therefore, we will address them as one.
¶ 9. Hill raises the issue that the trial court erred by denying his petition for post-conviction collateral relief. In its order, the trial court noted that it denied Hill's petition without a hearing, after having reviewed the pleadings and court files, pursuant to Miss.Code Ann. Section 99-39-11(2) (Rev.2000), which states:
(2) If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.
¶ 10. When reviewing a trial court's decision to deny a petition for post-conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. Laushaw v. State, 791 So.2d 854(¶ 13) (Miss.Ct.App.2001). However, where questions of law are raised the applicable standard of review is de novo. Id. Hill bears the responsibility of offering proof of facts to support his claim. Howard v. State, 785 So.2d 297(¶ 6) (Miss.Ct.App. 2001).
¶ 11. The trial judge determined that the petition for post-conviction collateral relief had no merit, after having reviewed the affidavits and the record in this matter. This Court's review of the record, leads to the conclusion that Hill has failed to provide proof to support his claim.
¶ 12. Additionally, Hill contends that he did not receive effective assistance of counsel. He claims that he saw his attorney approximately four times prior to his guilty plea hearing and that each meeting was brief. He further claims that his attorney failed to investigate the case and obtain various records. To establish an ineffective assistance of counsel claim, a party must show a deficiency of counsel's performance that is sufficient to constitute prejudice to his defense. Walker v. State, 703 So.2d 266(¶ 8) (Miss.1997).
¶ 13. Hill asserts that his attorney insisted that he "plead guilty or he would receive a sentence of 20 years to serve," which placed pressure on him to plead guilty in fear of receiving such a long sentence. Hill also claims that he wanted to go to trial and that he advised his attorney of this. This assertion is belied by the transcript of the plea hearing. The trial judge asked Hill if he wished to go to trial, but Hill indicated that he did not want to go to trial. This Court is entitled to rely upon the statements made by Hill at his plea hearing. Andrews v. State, 791 So.2d 902(¶ 5) (Miss.Ct.App.2001).
*226 ¶ 14. Hill maintains that the outcome would have been different since "both parties were intoxicated, both parties were fighting, there were no major injuries, and a jury quite well could have returned a not guilty verdict, or found that the appellant was guilty of simple assault and not aggravated assault." Hill has not established that the allegations of ineffectiveness against his attorney would have resulted in a different outcome. Clemons v. State, 732 So.2d 883(¶ 35) (Miss.1999). There exists a strong, but rebuttable presumption that counsel is competent. Ratliff v. State, 752 So.2d 416(¶ 6) (Miss.Ct. App.1999). Counsel's choice of whether or not to file certain motions, call certain witnesses, ask certain questions, or make certain objections falls within the ambit of trial strategy. Scott v. State, 742 So.2d 1190(¶ 14) (Miss.Ct.App.1999). This Court will only under exceptional circumstances, second guess counsel on matters of trial strategy. Marshall v. State, 759 So.2d 511(¶ 11) (Miss.Ct.App.2000).
¶ 15. Hill relies on Payton v. State, 708 So.2d 559 (Miss.1998) to support his argument. In Payton, the supreme court reversed and remanded because the defendant's attorney failed to investigate the factual circumstances surrounding the alleged crime and provide the defendant with a basic defense, thereby rendering ineffective assistance of counsel. At the evidentiary hearing, the attorney who represented Payton at trial testified that he did not talk to Payton about his case until seven or eight months after the first arrest because he thought Payton had other counsel. Payton's attorney further testified that he did not do any investigation prior to trial because Payton's former attorney did not tell him about any witnesses and the incident happened "six or seven months before he got on the case." Payton, 708 So.2d at (¶ 5).
¶ 16. In contrast, Payton testified that the attorney in fact represented him at his initial appearance and the next time he saw the attorney was when he was arrested for the second charge of rape. Id. The supreme court indicated that "it is clear that there is conflicting evidence" and given this contradicting testimony, some investigation should have been done by his attorney. Id. at (¶¶ 7-8) In Payton, the supreme court noted that:
There is no question that the defendant is entitled to a basic defense. Triplett v. State, 666 So.2d 1356 (Miss. 1995). As to what a basic defense may entail, the language from the Triplett Court is instructive:
Basic defense in this case required complete investigation to ascertain every material fact about this case, favorable and unfavorable. It required familiarity with the scene, and the setting. It required through his own resources and process of the court learning the names of, and interviewing every possible eyewitness, and getting statements from each. It required prior to trial learning all information held by the state available to the defense through pre-trial discovery motions.
Payton, 708 So.2d at (¶ 9).
¶ 17. Hill pled guilty rather than go to trial. He now claims to have told his attorney that he wanted to go to trial. This Court notes that Hill was given the opportunity to present his case to the trial court and present any complaints to the trial court regarding his attorney's advice. He not only declined to do so, but affirmatively expressed satisfaction with the representation of his attorney.
¶ 18. We therefore affirm the trial court's decision.
*227 ¶ 19. THE JUDGMENT OF THE DESOTO COUNTY CIRCUIT COURT DENYING POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED AGAINST DESOTO COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.