946 So.2d 815 (2007)
Alonzo SHORTER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CA-01458-COA.
Court of Appeals of Mississippi.
January 2, 2007.
*817 William L. Bambach, Columbus, attorney for appellant.
Office of the Attorney General by Scott Stuart, attorney for appellee.
EN BANC.
GRIFFIS, J., for the Court.
¶ 1. Alonzo Shorter appeals the denial of his petition for post-conviction relief. On appeal, he alleges six errors: (1) defective indictment, (2) ineffective assistance of counsel, (3) insufficiency of evidence, (4) improper comments during closing by the prosecutor, (5) involuntary guilty plea due to ineffective assistance of counsel, and (6) cumulative error. We find no error and affirm.

FACTS
¶ 2. Shorter was indicted on two separate counts for the sale of cocaine, in violation of Mississippi Code Annotated Section 41-29-139 (Supp.2002). The indictment in cause number 2002-96 alleged that Shorter sold cocaine on or about July 30, 2002. The indictment in cause number 2002-97 alleged that Shorter sold cocaine on or about July 29, 2002.
¶ 3. Shorter was tried and convicted in cause number 2002-96. On the same day of his sentencing, February 10, 2003, Shorter pled guilty to the charge in cause number 2002-97. Also, on February 10, the court sentenced Shorter to serve twelve years in the custody of the Mississippi Department of Corrections in cause number 2002-96 and twelve years in cause number 2002-97, with the sentences to run concurrently. The court also ordered that Shorter complete the Mississippi Department of Correction's Alcohol and Drug Treatment Program while incarcerated.
¶ 4. Shorter did not appeal his jury conviction. On June 3, 2005, Shorter filed one petition for post-conviction collateral relief for both convictions. The court denied the petition without an evidentiary hearing.

STANDARD OF REVIEW
¶ 5. In reviewing a trial court's decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court's proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

ANALYSIS
¶ 6. Mississippi Code Annotated Section 99-39-9(2) (Supp.2005) provides that a motion *818 for post-conviction relief shall be limited to a request for relief against one judgment. Additionally, it provides that "if a prisoner desires to attack the validity of other judgments under which he is in custody, he shall do so by separate motions." Id.
¶ 7. Shorter was sentenced under two separate judgments. Each judgment sentenced him to a twelve year term, and each judgment provides that the terms are to be served concurrently. Shorter's petition here attacks both judgments. Because Mississippi Code Annotated Section 99-39-9(2) limits our consideration to one judgment, we will consider the issues that relate to the denial of the petition for post-conviction collateral relief as to the jury trial in cause number 2002-96. Should Shorter seek to attack the merits of the guilty plea, he must file a separate petition for post-conviction collateral relief regarding that judgment.
I. Defective Indictment
¶ 8. For the first time on appeal, Shorter alleges that the indictment was defective. While this Court does not typically consider issues raised initially on appeal, we will address the possible defects in the indictment that may rise to a jurisdictional level. Jurisdictional errors may not be waived by the accused. Carroll v. State, 755 So.2d 483, 487(¶ 9) (Miss.Ct.App. 1999).
¶ 9. Rule 7.06(2) of the Uniform Rules of Circuit and County Court requires that the indictment include "[t]he date on which the indictment was filed in court." Rule 7.06 also requires that the indictment contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation" against him.
¶ 10. Shorter complains that the indictment was defective due to the dates contained on the indictment. Shorter argues that the indictment begins with the following language, "In the Circuit Court of Said County, May Term, 2002." Thus, Shorter claims that he was indicted during the grand jury term in May, which was prior to the date of the offense charged. The State supplemented the record and included the back page of the indictment, where the indictment was stamped filed. Based upon this supplementation, it is clear to this Court that the indictment was filed on December 6, 2002. The indictment was filed over four months after the occurrence of the event. Furthermore, the indictment clearly satisfied Rule 7.06 of the Uniform Circuit and County Court Rules when it included "the date . . . the offense was alleged to have been committed."
¶ 11. Next, Shorter argues that the indictment omitted the amount of cocaine allegedly sold and the amount of money which was received. The penalty for the sale of cocaine is the same no matter the quantity sold nor the amount of money received. Miss.Code Ann. § 41-29-139(a)(1), (b)(1). Therefore, neither the amount of cocaine sold nor the amount of money received are essential elements of the crime and are not required to be specified in the indictment. Campbell v. State, 878 So.2d 227, 229(¶ 5) (Miss.Ct.App.2004); Williams v. State, 821 So.2d 883, 887(¶ 16) (Miss.Ct.App.2002).
¶ 12. Accordingly, we find that there is no merit to this assignment of error.
II. Ineffective Assistance of Counsel
¶ 13. To prevail on a claim of ineffective assistance of counsel, Shorter must demonstrate that his counsel's performance was deficient and that this deficiency prejudiced his defense. Strickland v. Washington, *819 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with Shorter, and we will measure the alleged deficiency within the totality of circumstances. Hiter v. State, 660 So.2d 961, 965 (Miss.1995); Carney v. State, 525 So.2d 776, 780 (Miss.1988). However, a presumption exists that the attorney's conduct was adequate. Burns v. State, 813 So.2d 668, 673(¶ 14) (Miss.2001); Stringer v. State, 454 So.2d 468, 477 (Miss.1984).
¶ 14. Shorter alleges a total of six different examples of ineffective assistance of counsel. Four of these are alleged for the first time upon appeal. Normally, these new allegations would be "procedurally barred as never having been presented to the trial court." Wilder v. State, 793 So.2d 698, 700(¶ 8) (Miss.Ct.App.2001) (citing Gazzier v. State, 744 So.2d 776, 778(¶ 5) (Miss.1999)). However, this Court has long held that fundamental rights may be excepted from procedural bars. We have also held that ineffective assistance can rise to the level of a violation of the defendant's fundamental constitutional rights. Bevill v. State, 669 So.2d 14, 17 (Miss. 1996). Therefore, we will address all six allegations of ineffective assistance of counsel.
A. Failure to call a vital witness
¶ 15. Shorter argues that his counsel was ineffective because he failed to call Shorter's brother-in-law, "John," as a defense witness. The decision of whether or not to call a witness to the stand falls within the ambit of trial strategy. Scott v. State, 742 So.2d 1190, 1196(¶ 14) (Miss.Ct. App.1999) (citing Cole v. State, 666 So.2d 767, 777 (Miss.1995)). "This Court will only under exceptional circumstances, second guess counsel on matters of trial strategy." Hill v. State, 850 So.2d 223, 226(¶ 14) (Miss.Ct.App.2003) (citing Marshall v. State, 759 So.2d 511(¶ 11) (Miss.Ct. App.2000)).
¶ 16. Shorter alleges that John would have been able to testify that Prince Odom, the confidential informant, previously sold drugs to one of Shorter's relatives. On cross-examination, Odom admitted that he sold drugs. Thus, Shorter established that Odom had previously sold drugs. It would be considered permissible strategy that Shorter's counsel not attempt to call another witness to establish what the confidential informant admitted.
¶ 17. Shorter also contends that John would have testified that John drove Shorter's car on July 30, 2002. Shorter was identified as walking from his mother's house across the street to Odom's car to sell the cocaine. John's testimony would bring into question whether Shorter was present as Odom alleged. Mattie Allen, Shorter's mother, testified that John would occasionally drive Shorter's car.
¶ 18. It was not ineffective assistance of counsel to not call John as a witness. Choosing to call or not to call a witness falls within trial strategy. Scott, 742 So.2d at 1196. We find it permissible not to call this witness, John, since he would not have offered an independent alibi. We find no merit to this assignment of error.
B. Advising Shorter to forego an appeal
¶ 19. Shorter alleged in his petition that his attorney advised him to forego an appeal. There is nothing more in the record to suggest what exactly the attorney advised Shorter to do regarding the appeal, aside from Shorter's affidavit suggesting that the advice was in error. The advice of counsel could range from advising Shorter that the chances of winning an appeal were virtually non-existent or that she merely would not handle an appeal. If counsel had permissible reasons for giving *820 advice regarding the decision of whether to appeal or not, then the performance would not be deficient.
¶ 20. The most important concern is whether Shorter knew that he had an absolute right to an appeal. There have been several ways suggested by the Court to ensure that the defendant be informed of his or her absolute right to appeal. Two of these include: (1) the attorney receiving a writing from the defendant saying not to pursue the appeal even though he has an absolute right to appeal, or (2) the trial court advising the defendant of his right to an appeal at sentencing. Osborn v. State, 695 So.2d 570, 573 (Miss.1997). These are by no means requirements. Instead, these suggestions assist the Court and parties involved in clearing up the matter when dealing with a cold record. Id.
¶ 21. Here, the State points to Shorter's guilty plea petition, which was signed by Shorter and his attorney, that clearly indicates that Shorter was informed of his right to an appeal. The guilty plea petition stated:
that if I should be convicted after a jury trial, I would have an absolute right to an appeal to the Mississippi Court of Appeals and to the Mississippi Supreme Court with assistance of counsel, and at no cost to me should I be determined to be financially unable to pay for same.
Through the guilty plea petition, we are assured that Shorter was informed of his absolute right to appeal. Therefore, we find this assignment of error to lack merit.
C. Undisclosed self-interest
¶ 22. Shorter argues that his counsel was ineffective because she was trying to prevent herself from being charged with gross incompetency. This alleged fear of incompetency is derived from defense counsel's statement that had she mistakenly opened the door to her client's misconduct of selling drugs she would have been ineffective counsel and would have prejudiced her client. Shorter then alleges that the fear of incompetency kept her from effectively representing him at trial.
¶ 23. It appears that defense counsel, as part of her strategy, chose not to bring into question Shorter's misconduct. She felt that the State was short on evidence and it would be prejudicial to allow the State to use additional evidence of crimes not before the jury. Therefore, it was part of her trial strategy, not fear of incompetency, to prevent any such evidence from being presented. The choice of trial strategy will only under exceptional circumstances be considered ineffective assistance of counsel. Hill, 850 So.2d at 226(¶ 14). It is clear that the actions of defense counsel were not to cover up any kind of incompetency, but merely to keep from opening the door and allowing the prosecution to bring in Shorter's previous misconduct. Counsel was not deficient under this allegation especially considering the deference given to counsel in regard to strategy decisions. Id. We find no merit to this assignment of error.
D. Ineffective discovery
¶ 24. Shorter alleges that his defense counsel performed ineffective discovery in that she did not know of evidence regarding the confidential informant. While counsel has a duty to make reasonable investigations, they do not, by any means, have to be completely exhaustive. Wiley v. State, 517 So.2d 1373, 1379 (Miss.1987). Counsel's decisions in this area along with trial strategy are given a large measure of deference. Id. In Shorter's brief, he admits that trial counsel was aware of other information about the confidential informant, which she received from another potential witness. This shows *821 that counsel did make at least reasonable investigations as required in Wiley. Therefore, viewed in the deferential light given to trial strategy, defense counsel was not deficient in performing discovery as this error alleges. We find no merit to this assignment of error.
E. Failure to develop entrapment defense
¶ 25. Shorter argues that his counsel was ineffective because she failed to develop an entrapment defense. It is important to note that Shorter does not allege that counsel failed to present any defense, but merely failed to present a specific one. The choice of a trial strategy is largely left in the hands of the defense attorney and as mentioned before this Court gives a large measure of deference to counsel in choosing and performing that strategy. Hill, 850 So.2d at 226(¶ 14). Here, counsel used the defense theory that the confidential informant did not in fact buy the cocaine from Shorter. Instead, counsel appeared to suggest that the informant obtained the cocaine from elsewhere and merely claimed Shorter had sold it to him. This was a reasonable strategic decision by trial counsel and viewed in the deferential light given to trial strategy, defense counsel was not deficient as this error alleges. Id. We find no merit to this assignment of error.
F. Failure to seek appropriate jury instruction on entrapment
¶ 26. Shorter next contends that counsel was ineffective since she did not request a jury instruction regarding entrapment. A jury instruction should be refused by the trial court unless there is an evidentiary basis for it. Goodnite v. State, 799 So.2d 64, 69(¶ 24) (Miss.2001). There was no evidentiary basis for requesting such a jury instruction as shown by the record. Defense counsel was not deficient in failing to request an entrapment instruction for which there was no evidentiary basis, since it would be not be granted. We find no merit to this assignment of error.
III. Sufficiency of the Evidence
IV. Improper Closing Argument
V. Cumulative Error
¶ 27. In each of these issues, Shorter alleges that it should be the basis for post-conviction relief. However, each issue cited should have been dealt with on direct appeal. Post-conviction relief is a limited proceeding where this Court will only review "those objections, defenses, claims, questions, issues or errors which in practical reality could not or should not have been raised at trial or on direct appeal." Crawford v. State, 867 So.2d 196, 202(¶ 5) (Miss.2003) (citing Cabello v. State, 524 So.2d 313, 323 (Miss.1988)). Furthermore, "claims and theories that could have been but were not presented to the trial court or to this [c]ourt on direct appeal are procedurally barred from being reviewed by this court on post-conviction review." Crawford, 867 So.2d at 202(¶ 6) (citing Lockett v. State, 614 So.2d 888, 893 (Miss.1992)). Since these errors should have each been brought on direct appeal, they are procedurally barred from being brought in post-conviction relief.
VI. Involuntary guilty plea due to ineffective assistance of counsel
¶ 28. As previously mentioned, this opinion deals with the merits of jury trial conviction. The request for post-conviction relief on the guilty plea should be brought as a separate motion, since it arose from a judgment separate from that of the jury trial. The motion in regard to the guilty plea has been dismissed.

*822 CONCLUSION
¶ 29. Shorter has alleged numerous errors in his petition for post-conviction relief, which was summarily dismissed without an evidentiary hearing. None of these errors contain any merit. Therefore, the judgment of the circuit court denying post-conviction relief is affirmed.
¶ 30. THE JUDGMENT OF THE CIRCUIT COURT OF CLAIBORNE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.