MAXWELL, J., for the Court:
 

 ¶ 1. A jury in the Scott County Circuit Court found Larry Carl Jones, Jr. guilty of burglary of a business. The circuit judge sentenced Jones to seven years in the custody of the Mississippi Department of Corrections (MDOC). On appeal, Jones asserts a claim of ineffective assistance of counsel. Seeing no obvious deficient performance by his trial attorney, we affirm his conviction and sentence without prejudice to his right to seek post-conviction relief.
 

 FACTS
 

 ¶ 2. On July 22, 2008, between the early morning hours of 1:00 a.m. and 2:00 a.m., officers with the Forest Police Department responded to a security alarm at General Service Company in Forest, Mississippi. Officer Kevin Turner arrived and noticed someone walking under a streetlight approximately 150 yards from the business. Officer Turner headed toward the streetlight where he confronted and ultimately arrested Jones. Other responding officers apprehended Eddie Gilbert, as he exited the building. Officers arrested Terry Ick-om in a nearby truck. Investigator Will Jones discovered a computer that had been stolen from the business near the streetlight where Jones was arrested. He also found a tire tool in the same vicinity.
 

 ¶ 3. Later that morning, officers interviewed Jones. According to Investigator Jones, Jones waived his
 
 Miranda
 
 rights and confessed to his involvement in the burglary. Jones admitted using a “jack handle” to pry open General Service Company’s door. Jones explained that once he pried open the door, he and Gilbert entered the building and Gilbert stole a computer and ran “up the road” with it. Gilbert then told Jones to watch the computer and wait for him while he went back inside the building. Jones admitted he was waiting for Gilbert to return when the police “picked [him] up.”
 

 ¶ 4. Jones’s attorney moved to suppress Jones’s statement to the police on the basis that it had been coerced. The circuit judge conducted a suppression hearing during trial. Investigator Jones and Sergeant Ben Rushing both testified that Jones waived his
 
 Miranda
 
 rights, orally
 
 *667
 
 and by signing a written waiver. Investigator Jones and Chief Robert Roncali explained that Jones provided an inculpatory statement. Jones then read and signed a typed version of his statement. Neither officer claimed to have threatened or coerced Jones during the interview.
 

 ¶ 5. Jones’s suppression hearing testimony differed. He claimed the officers had threatened he would serve seven years in prison if he did not confess. He also maintained he neither signed the
 
 Miranda
 
 waiver nor succumbed to the officers’ threats. The circuit judge denied Jones’s motion to suppress. He found Jones fully understood his
 
 Miranda
 
 rights, knowingly waived them, and gave a voluntary statement. The circuit court admitted Jones’s statement into evidence. Jones elected not to testify during trial and presented no witnesses.
 

 ¶ 6. The jury found Jones guilty of the sole count of burglary of a business, and the circuit judge sentenced him to seven years in the custody of the MDOC. Jones filed a motion for a new trial, which the circuit judge denied.
 

 STANDARD OF REVIEW
 

 ¶ 7. To prevail on an ineffective-assistance-of-counsel claim, the defendant must prove: “(1) his counsel’s performance was deficient, and (2) that deficiency prejudiced the defense.”
 
 Tarver v. State,
 
 15 So.3d 446, 459 (¶ 33) (Miss.Ct.App.2009) (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). However, the merits of an ineffective-assistance-of-counsel claim should only be addressed on direct appeal when “(1) the record affirmatively show[s] ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate,” for appellate review without additional findings by the trial court.
 
 Colenburg v. State,
 
 735 So.2d 1099, 1101 (¶ 5) (Miss.Ct.App.1999).
 

 DISCUSSION
 

 Ineffective Assistance of Counsel
 

 ¶ 8. Jones’s ineffective-assistance-of-counsel claim focuses solely on his attorney’s failure to seek suppression of his statement to the police in light of his war-rantless arrest. Jones contends that because no probable cause existed for his arrest, his subsequent confession was inadmissible.
 

 A. Warrantless Arrest
 

 ¶ 9. Mississippi Code Annotated section 99-3-7 (Supp.2009) authorizes war-rantless arrests. Section 99-3-7(1) provides:
 

 An officer or private person may arrest any person without warrant, for an indictable offense committed, or a breach of the peace threatened or attempted in his presence; or when a person has committed a felony, though not in his presence; or when a felony has been committed, and he has reasonable ground to suspect and believe the person proposed to be arrested to have committed it; or on a charge, made upon reasonable cause, of the commission of a felony by the party proposed to be arrested. And in all cases of arrests without warrant, the person making such arrest must inform the accused of the object and cause of the arrest, except when he is in the actual commission of the offense, or is arrested on pursuit.
 

 An arrest is valid where the arresting officer has probable cause to believe a felony has been committed and that the suspect to be arrested committed the felony.
 
 Qualls v. State,
 
 947 So.2d 365, 371 (¶ 17) (Miss.Ct.App.2007). Probable cause exists where the facts and circumstances within an arresting officer’s knowledge are
 
 *668
 
 sufficient within themselves to warrant a man of reasonable caution to believe that a person has committed an offense.
 
 Butler v. State,
 
 19 So.3d 111, 119 (¶ 30) (Miss.Ct. App.2009) (citing
 
 Young v. State,
 
 562 So.2d 90, 91 (Miss.1990)). Probable cause is “less than the evidence which would justify condemnation, but more than bare suspicion.”
 
 Qualls,
 
 947 So.2d at 371-72 (¶ 17) (quoting
 
 Hester v. State,
 
 463 So.2d 1087, 1090 (Miss.1985)).
 

 ¶ 10. Here, Officer Turner saw Jones walking under a streetlight 150 yards from the site of a burglary in progress. The tune was between 1:00 a.m. and 2:00 a.m., and it is undisputed that the building’s alarm was still sounding. Officer Turner saw a second man driving away and a third exiting the business. The facts and circumstances within Officer Turner’s knowledge, at a minimum, supported his reasonable belief that Jones had been involved in the burglary plot. Thus, we find Officer Turner had sufficient probable cause to arrest Jones.
 

 B. Trial Strategy
 

 ¶ 11. Jones’s trial counsel apparently chose to attack Jones’s confession as the product of coercion rather than argue the legality of his arrest. Based on the record before us, this decision appears logical. But regardless of the defense tactic employed, only under exceptional circumstances will we second guess counsel on matters of trial strategy.
 
 Shorter v. State,
 
 946 So.2d 815, 819 (¶ 15) (Miss.Ct. App.2007) (citing
 
 Hill v. State,
 
 850 So.2d 223, 226 (¶ 14) (Miss.Ct.App.2003)). We decline to do so here.
 

 ¶ 12. In the absence of obvious defects in an attorney’s performance, the parties must “stipulate that the record is adequate” to review an ineffective-assistance-of-counsel claim before we address the meiits of the claim on direct appeal.
 
 See Read v. State,
 
 430 So.2d 832, 841 (Miss. 1983). Here they did not do so.
 

 ¶ 13. Seeing no obvious deficient performance by Jones’s trial attorney, we affirm Jones’s conviction and sentence without prejudice to his right to pursue post-conviction relief.
 

 ¶ 14. THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT OF CONVICTION OF BUSINESS BURGLARY AND SENTENCE OF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
 

 LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. KING, C.J., AND IRVING, J., CONCUR IN THE RESULT ONLY.