# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-00126-COA

### CONSOLIDATED WITH

## NO. 2018-CT-00263-COA

### AND

## NO. 2011-KA-01556-COA

| | |
|---|---|
| VERINA MARIE CHILDS A/K/A VERINA CHILDS | APPELLANT |

v.

| | |
|---|---|
| STATE OF MISSISSIPPI | APPELLEE |

| | |
|---|---|
| DATE OF JUDGMENT: | 12/29/2022 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MATTHEW WARREN KITCHENS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: DANIELLE LOVE BURKS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 01/28/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., EMFINGER AND WEDDLE, JJ.**

**WEDDLE, J., FOR THE COURT:**

¶1.     Verina Childs appeals from the order of the Oktibbeha County Circuit Court denying her motion for post-conviction collateral relief (PCR).  As argued before this Court, Verina's issues on appeal include whether (1) the State failed at trial to prove the essential element of venue; (2) the State committed a discovery violation by failing to disclose the results of data recovered from a cell phone; and (3) her trial attorneys provided ineffective assistance of

counsel. Finding no reversible error, we affirm the circuit court's order denying Verina's

PCR motion.[1]

**FACTS**

¶2.     In 2011, an Oktibbeha County Circuit Court jury convicted Verina of murdering her

husband, Doug Childs, while the two were on a hunting trip. The Oktibbeha County Circuit

Court sentenced Verina to life imprisonment in the custody of the Mississippi Department

of Corrections (MDOC). Verina directly appealed her conviction and sentence and asserted

the following three issues: (1) the State destroyed fingerprint and DNA evidence on the gun

determined to be the murder weapon, (2) the circuit court erred by refusing her proposed jury

instruction stating that Doug's shooting could have been an accident, and (3) the State failed

to sufficiently prove deliberate-design murder. *Childs v. State*, 133 So. 3d 348, 349 (¶2)

(Miss. 2013). After finding no error, the Mississippi Supreme Court affirmed Verina's

conviction and sentence. *Id.*

¶3.     Verina subsequently sought the supreme court's leave to file a PCR motion in the

circuit court. *State v. Childs*, 309 So. 3d 1, 2 (¶1) (Miss. Ct. App. 2020).[2] In her PCR

motion, Verina alleged the following: "(1) newly discovered evidence; (2) the State

withholding and/or knowingly destroying exculpatory evidence; (3) the existence of

---

[1] Although Verina's PCR motion and appellate brief initially asserted additional issues, Verina's attorney acknowledged during oral arguments before this Court that the focus of the appeal had since narrowed to include only the three above-mentioned claims. We therefore limit our discussion of Verina's appellate arguments to these three issues.

[2] This Court granted Verina's motion to consolidate this case with appellate case numbers 2018-CT-00263-COA and 2011-KA-01556-COA for record purposes only.

biological evidence which warrants further testing; (4) an intervening decision of the supreme court . . . ; and (5) ineffective assistance of trial counsel." *Id.* at 3 (¶7). The supreme court found that Verina's argument regarding an intervening decision lacked merit. *Id.* The supreme court therefore denied Verina's PCR motion as to that issue but granted her leave to proceed in the circuit court on the four remaining issues. *Id.*

¶4.     Verina filed her PCR motion in circuit court, and the circuit court continued the evidentiary hearing to allow Verina to "obtain additional discovery, including a forensic analysis of Doug's cell phone." *Id.* at 4 (¶9). Before the analysis of Doug's cell phone could be completed, however, Verina moved to amend her PCR motion to include "a new claim based on the State's failure to instruct the jury on venue . . . ." *Id.* at 2 (¶1). The circuit court allowed Verina to amend her PCR motion to include the venue claim. *Id.* In February 2018, the circuit court entered an order granting relief based on Verina's amended PCR motion and the issue of venue. *Id.* at 4 (¶11). In addition, the circuit court ordered a new trial. *Id.* Because the circuit court found Verina was entitled to relief on her venue claim, the court did not reach the merits of the issues raised in Verina's original PCR motion. *Id.*

¶5.     The State appealed from the circuit court's order and argued that the circuit court had erred by granting Verina's amended PCR motion. *Id.* at (¶12). On appeal, this Court found that the circuit court was without "jurisdiction to consider Verina's new claim because she did not obtain leave from the supreme court to assert it." *Id.* We therefore concluded that "the circuit court [had] lacked discretion to allow Verina to amend her PCR motion to assert the new claim[,]" and we reversed and remanded for further proceedings on the claims raised

in Verina's original PCR motion. *Id.* at 7 (¶19).

¶6. Verina unsuccessfully sought leave from the supreme court to amend her original PCR motion to include her venue claim. The circuit court then held an evidentiary hearing on the issues raised in Verina's original PCR motion. Following the evidentiary hearing, the circuit court entered an order denying Verina's PCR motion. Aggrieved, Verina appeals.

## STANDARD OF REVIEW

¶7. "When reviewing a trial court's denial or dismissal of a PCR petition, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Hall v. State*, 370 So. 3d 214, 216 (¶6) (Miss. Ct. App. 2023) (quoting *Cuevas v. State*, 304 So. 3d 1163, 1167 (¶19) (Miss. Ct. App. 2020)). "The petitioner bears the burden of showing [s]he is entitled to relief by a preponderance of the evidence." *Thompson v. State*, 386 So. 3d 407, 409 (¶6) (Miss. Ct. App. 2024) (quoting *Williamson v. State*, 269 So. 3d 421, 424 (¶16) (Miss. Ct. App. 2018)).

## DISCUSSION

### I. Venue

¶8. In her appellate brief, Verina renews her claim that reversible error resulted from the failure to instruct the jury on the essential element of venue. Verina acknowledges that this Court previously found the circuit court lacked jurisdiction to consider the issue of venue that she raised in her amended PCR motion. *Childs*, 309 So. 3d at 4 (¶12). She also acknowledges that the supreme court not only denied her petition for certiorari review of our

4

prior decision but also denied her motion seeking leave to proceed in the circuit court on the issue of venue. Verina maintains on appeal, however, that "such findings were in error" and that "she remains entitled to relief on this issue . . . ." She therefore asks that we reverse her conviction and sentence and remand the matter for a new trial.

¶9. As we previously explained, "[w]hen a case is affirmed on direct appeal, permission from the Mississippi Supreme Court *must* be obtained in order to seek post-conviction relief in the circuit court. This procedure is not merely advisory, but jurisdictional." *Id.* at 5 (¶14) (citations and internal quotation marks omitted). As Verina herself concedes, the supreme court has never granted her permission to seek PCR in the circuit court on her venue claim. As a result, the jurisdictional posture of her claim remains unchanged, and her argument regarding venue is not properly before this Court. We therefore must dismiss this claim for lack of subject-matter jurisdiction.

## II. Discovery Violation

¶10. Verina also asserts that reversal is required due to the State's failure to disclose the results of the data extraction performed on Doug's cell phone. The State completed the extraction on the second day of trial but never disclosed to the defense that the extraction had occurred or that the information had been recovered. Instead, Verina's appellate attorney learned about the cell phone extraction during the discovery related to Verina's PCR claims. Verina contends on appeal that the data obtained from Doug's cell phone was "exculpatory and could have changed the outcome of her trial." She therefore argues that the State's

failure to disclose the information amounted to a *Brady*[3] violation that entitles her to a new trial.

¶11.   To establish that a *Brady* violation has occurred, a defendant must prove the following:

> (a) that the State possessed evidence favorable to the defendant (including impeachment evidence); (b) that the defendant does not possess the evidence nor could [s]he obtain it [her]self with any reasonable diligence; (c) that the prosecution suppressed the favorable evidence; and (d) that had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different.

*Diming v. State*, 376 So. 3d 1231, 1244 (¶46) (Miss. Ct. App. 2023) (quoting *Manning v. State*, 929 So. 2d 885, 891 (¶15) (Miss. 2006)).

¶12.   Neither a review of the record nor the State's arguments on appeal dispute Verina's claim that the trial prosecutors failed to disclose the results of Doug's cell phone extraction to the defense.  Even so, Verina has not demonstrated that the information recovered during the extraction was favorable to her or that a reasonable probability exists that the evidence would have changed the outcome of her trial.  *See id.*  During arguments before this Court, the State explained that the data recovered from Doug's cell phone failed to disclose any additional information than that already provided by other record evidence.  According to the State, the extraction showed the phone numbers of Doug's contacts but did not identify the names of any of the contacts.  The extraction also recovered only five text messages from Doug's phone and showed that several of the messages remained unread.  The extraction did not provide either the contents of the five recovered text messages or who had sent them.

---

[3] *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

¶13. Upon review, we find that Verina has failed to satisfy the first and third prongs of the relevant test. Despite her assertions on appeal, "there is no proof in the record that would allow this Court to decide whether the evidence . . . suppressed was favorable or unfavorable" to her defense. *Id.* at (¶48) (quoting *Montgomery v. State*, 891 So. 2d 179, 184 (¶10) (Miss. 2004)). Given the lack of proof regarding the nature of the undisclosed cell phone data or its probable effect on the outcome of Verina's trial, we conclude Verina has failed to sufficiently establish a *Brady* violation that would entitle her to a new trial. We therefore find no clear error in the circuit court's denial of Verina's PCR claim based on this ground.[4]

### III. Ineffective Assistance of Counsel

¶14. In her final issue on appeal, Verina raises numerous instances of alleged ineffective assistance by her trial attorneys. "The benchmark for judging any claim of ineffectiveness of counsel must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Galloway v. State*, 374 So. 3d 452, 468 (¶10) (Miss. 2023) (quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). "Perfect representation in hindsight is not the standard, and the accused is not entitled to errorless counsel." *Archie v. State*, 387 So. 3d

---

[4] We reiterate "that the suppression . . . of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Mohamed v. State*, 323 So. 3d 532, 550 (¶55) (Miss. Ct. App. 2021) (quoting *Brady*, 373 U.S. at 87). Although we ultimately find that no clear error resulted here from the State's failure to disclose the results of Doug's cell phone extraction, we take this opportunity to remind prosecutors that the best way to avoid potential *Brady* violations is to timely disclose such evidence to the defense.

7

963, 979 (¶66) (Miss. 2024) (quoting *Davis v. State*, 897 So. 2d 960, 966 (¶15) (Miss. 2004)). To prove her ineffective-assistance claim, Verina must demonstrate both that (1) her trial attorneys' performance was deficient, and (2) the deficiency prejudiced her defense. *Harris v. State*, 378 So. 3d 971, 980 (¶34) (Miss. Ct. App. 2024). "Even when professional error is shown, . . . [the appellate c]ourt must determine whether there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Galloway*, 374 So. 3d at 468 (¶11) (quoting *Mohr v. State*, 584 So. 2d 426, 430 (Miss. 1991)).

¶15.    Here, Verina asserts that her trial attorneys' errors included the failure to object to the admission of unfavorable evidence, compel the production of evidence, call specific witnesses, elicit specific witness testimony, ask for a limiting instruction after eliciting unfavorable witness testimony, hire experts to contradict the testimony of the State's witnesses, properly investigate the case, and adequately inspect the evidence before trial. The State contends, however, that Verina's complaints regarding her trial attorneys' alleged failures reflect strategic choices that fail to constitute ineffectiveness.

¶16.    "In considering a claim of ineffective assistance of counsel, an appellate court must strongly presume that counsel's conduct falls within a wide range of reasonable professional assistance, and the challenged act or omission might be considered sound trial strategy." *Harris*, 378 So. 3d at 980 (¶34) (quoting *Liddell v. State*, 7 So. 3d 217, 219 (¶6) (Miss. 2009)). "Counsel's choice of whether or not to file certain motions, call certain witnesses, ask certain questions, or make certain objections falls within the ambit of trial strategy."

8

*Sandlin v. State*, 312 So. 3d 1191, 1197-98 (¶14) (Miss. Ct. App. 2020) (quoting *Hill v. State*, 850 So. 2d 223, 226 (¶14) (Miss. Ct. App. 2003)).

¶17. In addition, "a strategic decision to pursue less than all plausible lines of defense will rarely, if ever, be deemed ineffective if counsel first adequately investigated the rejected alternative." *Id.* at 1198 (¶14) (quoting *Cole v. State*, 666 So. 2d 767, 776 (Miss. 1995)). "Defense counsel is not required to pursue an investigation that would be fruitless, much less one that might be harmful to the defense." *Galloway*, 374 So. 3d at 478-79 (¶59) (quoting *Garza v. Stephens*, 738 F.3d 669, 680 (5th Cir. 2013)). Instead, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.* at 478 (¶58) (emphasis omitted) (quoting *Wiggins v. Smith*, 539 U.S. 510, 521-22 (2003)). Moreover, "counsel will not be deemed ineffective for following his client's wishes, so long as the client made an informed decision." *Sandlin*, 312 So. 3d at 1198 (¶14) (quoting *Brawner v. State*, 947 So. 2d 254, 264 (¶24) (Miss. 2006)).

¶18. In their affidavits provided to the circuit court, Verina's trial attorneys attested that they had discussed and considered at trial the issues Verina subsequently raised in her PCR motion regarding their alleged ineffectiveness. The attorneys avowed that they had made strategic decisions as to each issue, they had discussed all issues thoroughly with Verina, and Verina had actively participated in her defense throughout the trial proceedings. In

9

discussing their decisions about the scope of their trial investigation and preparation, whether to call specific witnesses, and whether to pursue specific lines of inquiry and theories of defense, Verina's trial attorneys explained they ultimately concluded the problematic nature of certain testimony and evidence outweighed the benefit of presenting the evidence or theories to the jury. As a result, the attorneys avoided introducing certain potentially damaging testimony, evidence, and alternate theories of defense at trial.

¶19. As the State notes in its appellate brief, in denying Verina's PCR motion, "[t]he circuit court found that [her] trial counsel interviewed all the potential witnesses who agreed to cooperate; personally surveyed the shooting scene and key . . . sites; and . . . based on the evidence, [Verina] had little alternative defense theories available." Upon review of the applicable caselaw and record before us, we conclude that Verina has failed to overcome the presumption that her trial attorneys' alleged deficiencies fell within the realm of trial strategy. "The fact that an attorney's strategic choices did not result in a good outcome is not in and of itself definitive evidence of ineffective assistance of counsel." *Galloway*, 374 So. 3d at 483 (¶75). Verina has failed to demonstrate that by committing any of these alleged errors, her attorneys' performance fell below an objective standard of reasonableness or prejudiced her defense. We therefore find no error in the circuit court's decision to deny Verina relief based on her claims of ineffective assistance of counsel.

## CONCLUSION

¶20. Because we find no error, we affirm the circuit court's order denying Verina's PCR motion.

¶21.   **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, EMFINGER AND ST. PÉ, JJ., CONCUR. McCARTY, J., NOT PARTICIPATING.**